J-S03022-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ROBERT HARRIS :
:
Appellant : No. 337 EDA 2018

Appeal from the Judgment of Sentence July 20, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007582-2014

BEFORE: BENDER, P.J.E., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.: **FILED MARCH 06, 2019**

Appellant, Robert Harris, appeals from the judgment of sentence entered on July 20, 2017, as made final by the denial of Appellant's post-sentence motion on July 25, 2017. We affirm.

On February 16, 2017, Appellant pleaded guilty to involuntary deviate sexual assault ("IDSI"), trafficking in individuals, and criminal conspiracy.[1] During the guilty plea hearing, the Commonwealth summarized the factual basis for Appellant's plea:

> In March of 2012, [Appellant] and his girlfriend, co-defendant Shante Fenning, recruited the [14-year-old victim, K.C.,] to work for them as a prostitute. They worked out of 21 West Harvey Street, in the city and county of Philadelphia.
>
> During approximately a month that the victim was with [Appellant] and the co-defendant, she would go on approximately ten dates a day. [Appellant] and Shante

_____

[1] 18 Pa.C.S.A. §§ 3123(a)(7), 3002(a), and 903, respectively.

> Fenning would use force or threats to keep [K.C.] in the house with them. [Appellant] would drive [K.C.] on different out calls, one of which was to an attorney in Center City, who will be facing trial in September. . . .
>
> [D]uring the course of [K.C.'s] month with [Appellant] and his girlfriend, on one occasion [Appellant] did force the victim to [give him] oral sex where she did place her mouth on [Appellant's] penis. In terms of all the sex acts as described, that was vaginal and oral intercourse that she had with various people who paid money to her for those sex acts.

N.T. Plea Hearing, 2/16/17, at 9-10 and 13.

Appellant testified that he agreed with the Commonwealth's factual recitation and further testified that he was pleading guilty because he was, in fact, guilty of the offenses. *Id.* at 7 and 19-20. The trial court accepted Appellant's guilty plea and scheduled sentencing for May 12, 2017. *Id.* at 20-21.

On April 18, 2017, Appellant filed a *pro se* motion to withdraw his guilty plea. Within the *pro se* motion, Appellant claimed that the trial court should permit him to withdraw his plea because "he is innocent of the charges against him and did not commit any of the charged offenses;" his plea "was not a knowing, intelligent[,] and voluntary act on his part;" and "the Commonwealth will not be substantially prejudiced if [Appellant were] permitted to withdraw his guilty plea and proceed to trial." Appellant's *Pro Se* Motion to Withdraw Guilty Plea, 4/18/17, at 2-3 (some internal capitalization omitted). In light of Appellant's *pro se* filing, Appellant's counsel filed a motion to continue the sentencing hearing and the trial court continued Appellant's sentencing

hearing to July 20, 2017. *See* Order Granting Motion for Continuance, 5/12/17, at 1; Order Granting Motion for Continuance, 6/29/17, at 1.

On July 19, 2017 (which was the day before the scheduled sentencing hearing), Appellant's counsel filed a "Supplemental Motion to Withdraw Guilty Plea." Within the motion, counsel reiterated the allegations that Appellant made in his *pro se* filing. Appellant's Supplemental Motion to Withdraw Guilty Plea, 7/19/17, at ¶¶ 30-37.

On July 20, 2017, the trial court held a hearing on Appellant's motion to withdraw his guilty plea. During the hearing, the trial court asked Appellant's counsel to explain the "fair and just reasons" that would justify withdrawal of the plea. *See* N.T. Plea Withdrawal Hearing, 7/20/17, at 7. In response, counsel claimed that Appellant should be entitled to withdraw his plea because: "one of the reasons" Appellant pleaded guilty was because he "wanted to get this case behind him and move on with his life;" during the plea hearing, Appellant initially contested the Commonwealth's declaration that the victim "placed her mouth on [Appellant's] penis" (although Appellant later agreed to this fact during the same plea hearing); in the statements Appellant gave to the police, he never "admit[ted] to any type of sexual contact with the victim;" in the statements Appellant's co-defendant gave to the police, she never alleged that Appellant sexually assaulted the victim; "there is no DNA evidence that would support any kind of claim that [Appellant] had sexual contact with the victim;" and, the victim did not accuse

Appellant of sexually assaulting her in each statement that she made to the police. *See id.* at 7-15.

The trial court denied Appellant's motion and proceeded to sentencing. The trial court sentenced Appellant to serve an aggregate term of 14 to 28 years in prison, followed by eight years of probation, for his convictions. N.T. Sentencing Hearing, 7/20/17, at 47-48.

Appellant filed a timely post-sentence motion on July 20, 2017. Appellant claimed, among other things, that the trial court abused its discretion by imposing a manifestly unreasonable sentence. Appellant's Post-Sentence Motion, 7/20/17, at 3-4. The trial court denied the motion on July 25, 2017 and, after the *nunc pro tunc* restoration of Appellant's direct appeal rights, Appellant filed a timely notice of appeal. Appellant raises two claims on appeal:

> 1. Did the trial court err in denying [] Appellant's motion to withdraw his guilty plea where [] Appellant asserted his innocence and where [] Appellant did not convicing[ly] agree to the facts which supported the charge of [IDSI]?
>
> 2. Did the trial court err in imposing an excessive and unreasonable sentence?

Appellant's Brief at 3 (some internal capitalization omitted).

Appellant first claims that the trial court erred when it denied his pre-sentence motion to withdraw his guilty plea to IDSI. This claim fails.

We have explained:

> Pennsylvania Rule of Criminal Procedure 591(A) provides that, "At any time before the imposition of sentence, the

- 4 -

court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty." Pa.R.Crim.P. 591(A).

Although there is no absolute right to withdraw a guilty plea, properly received by the trial court, it is clear that a request made before sentencing should be liberally allowed. In determining whether to grant a presentence motion for withdrawal of a guilty plea, the test to be applied by the trial courts is fairness and justice. Therefore, if the defendant provides a fair and just reason for wishing to withdraw his or her plea, the trial court should grant it unless it would substantially prejudice the Commonwealth.

*Commonwealth v. Williams*, 198 A.3d 1181, 1184 (Pa. Super. 2018) (internal corrections and some internal quotations and citations omitted).

"We review a trial court's ruling on a pre-sentence motion to withdraw a guilty plea for an abuse of discretion." *Id.* With respect to the abuse of discretion standard, our Supreme Court has held:

When a court comes to a conclusion through the exercise of its discretion, there is a heavy burden to show that this discretion has been abused. It is not sufficient to persuade the appellate court that it might have reached a different conclusion, it is necessary to show an actual abuse of the discretionary power. An abuse of discretion will not be found based on a mere error of judgment, but rather exists where the court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. Absent an abuse of that discretion, we will not disturb the ruling of the trial court.

*Commonwealth v. Eichinger*, 915 A.2d 1122, 1140 (Pa. 2007) (internal citations omitted).

As our Supreme Court has held, "a bare assertion of innocence is not, in and of itself, a sufficient reason to require a court to grant . . . a

pre[-]sentence motion to withdraw a guilty plea." ***Commonwealth v. Carrasquillo***, 115 A.3d 1284, 1285 and 1293 (Pa. 2015). For a defendant to satisfy his burden, our Supreme Court has held that the "defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for pre[-]sentence withdrawal of a plea." ***Id.*** at 1292. This requires that the defendant "ma[k]e some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." ***Id.*** Our Supreme Court has also emphasized:

> trial courts have the discretion to assess the plausibility of claims of innocence. Consistent with the well-established standards governing trial court discretion, it is important that appellate courts honor trial courts' discretion in these matters, as trial courts are in the unique position to assess the credibility of claims of innocence and measure, under the circumstances, whether defendants have made sincere and colorable claims that permitting withdrawal of their pleas would promote fairness and justice.

***Commonwealth v. Norton***, \_\_\_ A.3d \_\_\_, 2019 WL 287153 at *7 (Pa. 2019).

In this case, the trial court held a hearing on Appellant's pre-sentence motion to withdraw his guilty plea and, at the end of the hearing, the trial court arrived at the specific factual conclusion that Appellant's claim of innocence was not plausible. ***See*** N.T. Withdrawal Hearing, 7/20/17, at 19-20; Trial Court Opinion, 5/16/18, at 5-6. Now on appeal, Appellant claims that the trial court's factual conclusion was an abuse of discretion because: "Appellant indicated that he was innocent in his *pro se* [filing] and [in his]

- 6 -

counseled motion to withdraw his guilty plea;" in the statements Appellant gave to the police, Appellant never admitted that he had sexual contact with the victim; and, in the statements the victim gave to the police, the victim did not continually accuse Appellant of sexually assaulting her. *See* Appellant's Brief at 10. The trial court, however, heard Appellant's claims of innocence and specifically concluded that the claims were not colorable and that Appellant was simply presenting a bare assertion of innocence. *See* N.T. Withdrawal Hearing, 7/20/17, at 19-20; Trial Court Opinion, 5/16/18, at 5-6. Our review of the record establishes that the trial court's factual findings were eminently reasonable and were, thus, within its discretion. Indeed, the claims that "Appellant indicated that he was innocent in his *pro se* [filing] and [in his] counseled motion to withdraw his guilty plea" and that Appellant "never admitted he had sexual contact with the victim" are simply bare assertions of innocence. *See* Appellant's Brief at 10. Moreover, the mere fact that the victim did not accuse Appellant of sexually assaulting her in each statement that she gave to the police does not cause Appellant's claim of innocence to be plausible. The victim, in fact, did accuse Appellant of sexually assaulting her and Appellant admitted to this fact during his guilty plea hearing. *See* N.T. Withdrawal Hearing, 7/20/17, at 12 (Appellant's counsel admitted that "there were other statements that [the victim] had given to the police and testified [to] at the Grand Jury where she did say there was sexual contact with [Appellant]").

Appellant also argues that the trial court abused its discretion in not granting his motion to withdraw his IDSI guilty plea because the factual basis for the charge was inadequate.  Appellant's Brief at 11.  This claim is waived as Appellant did not object to the factual basis of the charge during his plea colloquy.  ***Commonwealth v. Monjaras-Amaya,*** 163 A.3d 466, 469-470 (Pa. Super. 2017)  (Issues regarding guilty plea must be raised before trial court); ***Commonwealth v. D'Collanfield***, 805 A.2d 1244, 1246 (Pa. Super 2002) (Issue of whether the evidence presented during a guilty plea was insufficient to establish guilt beyond a reasonable doubt was waived for failing to raise it before trial court).  Even if this issue were not waived, it lacks merit as the facts set forth at the plea hearing established Appellant forced the 14-year-old victim to perform oral sex on him by placing his penis in her mouth.  These facts support a charge of IDSI under 18 Pa.C.S.A. § 3123(a)(7). Moreover, Appellant admitted to committing these acts.

Therefore, Appellant's claim that the trial court abused its discretion when it denied his motion to withdraw his IDSI guilty plea fails.[2]

---

[2] Within the argument section of Appellant's brief, Appellant also claims, in passing, that the trial court erred in not permitting him to withdraw his guilty pleas to trafficking in individuals and criminal conspiracy.  ***See*** Appellant's Brief at 10.  However, Appellant's Pennsylvania Rule of Appellate Procedure 2116(a) "statement of questions involved" section only claimed that the trial court erred in denying his motion to withdraw his guilty plea to IDSI.  ***See*** Appellant's Brief at 3.  Therefore, Appellant waived any claim of error with respect to his trafficking in individuals and criminal conspiracy convictions. ***See*** Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby").

Appellant's second and final numbered claim on appeal contends that the trial court abused its discretion by imposing a manifestly excessive sentence. Before we may reach the merits of Appellant's discretionary aspects of sentencing claim, we must engage in an analysis to determine, *inter alia*, whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence. **See** Pa.R.A.P. 2119(f); **see also Commonwealth v. Antidormi**, 84 A.3d 736, 759 (Pa. Super. 2014) (describing four prerequisites to substantive review of discretionary sentencing challenge). "[C]laims relating to the discretionary aspects of a sentence are waived if an appellant does not include a Pa.R.A.P. 2119(f) statement in his brief and the [Commonwealth] objects to the statement's absence." **Commonwealth v. Brougher**, 978 A.2d 373, 375 (Pa. Super. 2009), *citing* **Commonwealth v. Foster**, 960 A.2d 160, 163 (Pa. Super. 2008). Here, Appellant failed to comply with the requirement of 2119(f) and the Commonwealth has objected to the exclusion of the required statement. **See** Commonwealth's Brief at 14. Therefore, we may not review the merits of Appellant's discretionary sentencing challenge.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/6/19