J-A21024-18

2018 PA Super 300

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FREDERICK WILLIAMS | : | |
| | : | |
| Appellant | : | No. 1236 EDA 2017 |

Appeal from the Judgment of Sentence March 24, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0014176-2013

BEFORE:  PANELLA, J., OLSON, J., and McLAUGHLIN, J.

OPINION BY OLSON, J.:                         **FILED NOVEMBER 01, 2018**

Appellant, Frederick Williams, appeals from the judgment of sentence entered on March 24, 2017, as made final by the denial of his post-sentence motion on April 6, 2017.  As part of his plea agreement, Appellant stipulated that the Commonwealth would be substantially prejudiced if he attempted to withdraw his guilty plea.  We hold that this stipulation was binding. Accordingly, we affirm in part, vacate in part, and remand for further proceedings consistent with this opinion.

On July 28, 2011, Appellant lured an employee of an antique store to a van by claiming it contained antiques.  Appellant and his confederates forced the victim into the van and then gang raped her.  On November 27, 2013, the Commonwealth charged Appellant via criminal information with 17 offenses. On August 26, 2016, in exchange for the Commonwealth agreeing to *nolle*

*prosse* 14 of those charges, Appellant pled guilty to rape,[1] kidnapping to facilitate a felony,[2] and conspiracy to commit rape.[3] Prior to sentencing, Appellant moved to withdraw his guilty plea. On November 28, 2016, the trial court held an evidentiary hearing on Appellant's motion to withdraw his guilty plea. Subsequently, the trial court denied the motion to withdraw and a motion to reconsider that ruling. On March 24, 2017, the trial court sentenced Appellant to an aggregate term of 14 to 28 years' imprisonment. Appellant filed a post-sentence motion which the trial court denied on April 6, 2017. This timely appeal followed.[4]

Appellant presents three issues for our review:

1. Did the trial court err and/or otherwise abuse its discretion in denying [Appellant's pre]sentence motion to withdraw his guilty plea?

2. May a [trial] court treat a defendant's exercise of his constitutional right to withdraw his guilty plea pursuant to [Pennsylvania Rule of Criminal Procedure] 591, punitively, as a basis in deciding to run a defendant's sentence consecutively rather than concurrently?

---

[1] 18 Pa.C.S.A. § 3121(a)(1).

[2] 18 Pa.C.S.A. § 2902(a)(2).

[3] 18 Pa.C.S.A. §§ 903, 3121.

[4] On April 19, 2017, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). **See** Pa.R.A.P. 1925(b). On June 4, 2017, Appellant filed his concise statement. On July 14, 2017, the trial court issued its Rule 1925(a) opinion. All of Appellant's issues were included in his concise statement.

3. Did the trial court err and abuse its discretion . . . in sentencing [Appellant] to consecutive sentences that stemmed from vindictiveness, because [Appellant] exercised his constitutional right to withdraw his guilty plea pursuant to [Pennsylvania Rule of Criminal Procedure] 591?

Appellant's Brief at 11.

First, Appellant argues that the trial court erred in denying his motion to withdraw his guilty plea. "We review a trial court's ruling on a [pre]sentence motion to withdraw a guilty plea for an abuse of discretion." *Commonwealth v. Islas*, 156 A.3d 1185, 1187 (Pa. Super. 2017) (citation omitted). Pennsylvania Rule of Criminal Procedure 591(A) provides that, "At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty." Pa.R.Crim.P. 591(A).

"Although there is no absolute right to withdraw a guilty plea, properly received by the trial court, it is clear that a request made before sentencing should be liberally allowed." *Commonwealth v. Kpou*, 153 A.3d 1020, 1022 (Pa. Super. 2016) (cleaned up). "In determining whether to grant a presentence motion for withdrawal of a guilty plea, the test to be applied by the trial courts is fairness and justice." *Commonwealth v. Elia*, 83 A.3d 254, 262 (Pa. Super. 2013) (cleaned up). Therefore, if the defendant provides a fair and just reason for wishing to withdraw his or her plea, the trial court should grant it unless it would substantially prejudice the Commonwealth.

*Commonwealth v. Carrasquillo*, 115 A.3d 1284, 1287 (Pa. 2015) (citation omitted).

To understand the basis of our analysis, we first explain the three general types of guilty pleas a defendant may enter. The first is often referred to as an "open" plea. Under an open plea, the defendant does not enter into an agreement with the Commonwealth. There is no *quid pro quo* exchange between the defendant and the Commonwealth whereby the Commonwealth agrees to some action in exchange for the defendant's guilty plea. The second type of guilty plea is where the defendant enters into an agreement with the Commonwealth, *i.e.*, a plea agreement. The Commonwealth agrees to some *quid pro quo* in exchange for the defendant's guilty plea and, in certain cases, other actions, *e.g.*, cooperation. These type of guilty pleas are covered by Pennsylvania Rule of Criminal Procedure 590(B). Third, a defendant may enter a guilty plea which is a special subset of the second type of guilty pleas. Often referred to as "stipulated" guilty pleas, a defendant agrees to plead guilty in exchange for receiving a specific sentence. Unlike Federal Rule of Criminal Procedure 11(c)(1)(C), which governs these type of guilty pleas in federal district court, there is no Pennsylvania Rule of Criminal Procedure addressing stipulated guilty pleas. Nonetheless, our common law has developed to closely mirror Federal Rule of Criminal Procedure 11(c)(1)(C) in these circumstances. A defendant who does not receive the stipulated sentence is entitled to withdraw his or her guilty plea without having to satisfy

any further requirements. *See Commonwealth v. Root*, 179 A.3d 511, 518 (Pa. Super. 2018) (citation omitted).

Having set forth the three types of guilty pleas, we turn to the facts of this case. Appellant did not enter an open guilty plea nor did he enter a stipulated guilty plea. Appellant pled guilty after reaching a plea agreement with the Commonwealth, *i.e.*, it was a guilty plea entered pursuant to Rule 590(B). The Commonwealth agreed to *nolle prosse* 14 charges in exchange for Appellant pleading guilty to three charges. Moreover, as part of the plea agreement, Appellant agreed that withdrawal of his guilty plea would substantially prejudice the Commonwealth. N.T., 8/26/16, at 3-4.

As the comment to Rule 590 states, our Supreme Court has held that "the terms of a plea agreement may determine a defendant's right to withdraw a guilty plea." Pa.R.Crim.P. 590 cmt, *citing **Commonwealth v. Porreca***, 595 A.2d 23 (Pa. 1991); *see also **Commonwealth v. Rotola***, 173 A.3d 831, 835 (Pa. Super. 2017) (citation omitted) ("Although a plea agreement occurs in a criminal context, it remains contractual in nature and is to be analyzed under contract-law standards."). Hence, contrary to Appellant's argument, it was unnecessary for the Commonwealth to offer further evidence as to substantial prejudice it would face if Appellant were permitted to withdraw his guilty plea.

Consistent with *Porreca*, Appellant limited his ability to withdraw his guilty plea as part of his plea agreement by agreeing that withdrawal would substantially prejudice the Commonwealth. As detailed above, a defendant

cannot withdraw his or her guilty plea prior to sentencing if doing so would substantially prejudice the Commonwealth. *Carrasquillo*, 115 A.3d at 1287. Hence, the trial court properly denied Appellant's motion to withdraw his guilty plea as permitting withdrawal would have substantially prejudiced the Commonwealth.

Moreover, even if Appellant did not agree that the Commonwealth would be substantially prejudiced by the withdrawal of his guilty plea, we conclude that the trial court did not abuse its discretion in finding that he failed to demonstrate a fair and just reason for permitting withdrawal. Appellant argues that there were two fair and just reasons for permitting him to withdraw his guilty plea. First, he argues that his trial counsel coerced him into pleading guilty. Second, he argues that he made a claim of actual innocence.

The trial court held an evidentiary hearing on Appellant's motion to withdraw his guilty plea. During that evidentiary hearing, Appellant stated that his counsel coerced him into pleading guilty. *See* N.T., 11/28/16, at 9-10. Appellant's trial counsel, however, vehemently denied Appellant's accusation that he pressured Appellant into pleading guilty. *See id.* at 23-28. The trial court credited Appellant's counsel's statements and did not credit Appellant's statements. This Court will only overturn a trial court's credibility determination if it is irrational. *See Commonwealth v. Brown*, 23 A.3d 544, 551 (Pa. Super. 2011). In this case, the trial court's credibility determination

was rational. Hence, the trial court reasonably exercised its discretion by finding that trial counsel did not pressure Appellant into pleading guilty.

Next, Appellant argues that he presented a plausible claim of actual innocence. This argument is without merit. As our Supreme Court recently explained, "a bare assertion of innocence is not, in and of itself, a sufficient reason to require a court to grant [a presentence motion to withdraw a guilty plea]." *Carrasquillo*, 115 A.3d at 1285. In this case, Appellant's claim of innocence is not plausible. At the evidentiary hearing, Appellant claimed that he repeatedly lied under oath during his guilty plea colloquy. *See* N.T., 11/28/16, at 11-13. Appellant stated at the hearing on the motion to withdraw his plea that, contrary to his statements during the colloquy, he remembered the night in question and that he did not rape the victim. *See id.* at 11. However, testing showed the presence of Appellant's DNA in samples found in the rape kit taken from the victim. N.T. 8/22/16, at 19. Hence, as in *Carrasquillo*, "the bizarre statements made by [Appellant] in association with his declaration of innocence wholly undermined its plausibility, particular in light of the Commonwealth's strong [evidence supporting guilt]." *Carrasquillo*, 115 A.3d at 1293. Accordingly, Appellant was not entitled to withdraw his guilty plea based on his implausible claim of actual innocence.

In his second and third issues, Appellant argues that the trial court vindictively ordered his sentences to run consecutively because of his attempt to withdraw his guilty plea. This claim challenges the discretionary aspects of

his sentence. **Commonwealth v. Robinson**, 931 A.2d 15, 20–22 (Pa. Super. 2007) (*en banc*). Pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. **See** 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. **Id.**

As this Court has explained, in order to reach the merits of a discretionary aspects claim,

> we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his [or her] issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the [S]entencing [C]ode.

**Commonwealth v. Machicote**, 172 A.3d 595, 602 (Pa. Super. 2017) (citation omitted). Appellant filed a timely notice of appeal; however, he failed to preserve this issue in his post-sentence motion and/or at sentencing.

First, Appellant did not challenge the sentence imposed at the sentencing hearing. **See** N.T., 3/24/17, at 39-46.[5] Furthermore, it is well-settled that a post-sentence motion only preserves challenges to the discretionary aspects of sentencing that are specifically included in the post-sentence motion. **See Commonwealth v. Griffin**, 65 A.3d 932, 935–936

---

[5] Even if we were to conclude that Appellant's request for concurrent sentences was a "challenge" to the discretionary aspects of sentencing, that "challenge" was based on mitigating factors and not based on vindictiveness. **See** N.T., 3/24/17, at 38.

- 8 -

(Pa. Super. 2013), *appeal denied*, 76 A.3d 538 (Pa. 2013). In his post-sentence motion, Appellant did not argue that the trial court acted vindictively by sentencing him to consecutive terms of imprisonment. ***See generally*** Appellant's Post-Sentence Motion, 4/2/17. Accordingly, Appellant did not preserve his challenge to the discretionary aspects of his sentence.

Finally, the Commonwealth notes in its brief, and stated at oral argument, that Appellant received an illegal sentence. Although Appellant does not raise this issue, an illegal sentencing claim is not subject to waiver and this Court may raise the issue *sua sponte*. ***Commonwealth v. Moriarty***, 180 A.3d 1279, 1288 n.5 (Pa. Super. 2018) (citation omitted). The trial court designated Appellant a sexually violent predator. However, this Court has found that the mechanism for designating an offender a sexually violent predator under the Sexual Offender and Registration Act ("SORNA") is constitutionally flawed and constitutes an illegal sentence. ***Commonwealth v. Butler***, 173 A.3d 1212, 1214-1218 (Pa. Super. 2017), *appeal granted*, 190 A.3d 581 (Pa. 2018). Accordingly, we vacate the trial court's sexually violent predator designation and affirm Appellant's judgment of sentence in all other respects. We remand so the trial court may inform Appellant of the registration requirements he is required to comply with.

In sum, we hold that a defendant is bound by a plea agreement stipulation that attempting to withdraw the guilty plea would substantially prejudice the Commonwealth. As we also conclude that Appellant waived his

challenges to the discretionary aspects of sentencing, we affirm Appellant's judgment of sentence except with respect to his sexually violent predator designation.

Sexually violent predator designation vacated.  Judgment of sentence affirmed in all other respects.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/1/18