J-S01008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RICHARD KEVIN BEITZ | : | |
| | : | |
| Appellant | : | No. 1246 MDA 2018 |

Appeal from the Judgment of Sentence Entered June 11, 2018
In the Court of Common Pleas of Union County
Criminal Division at No(s):  CP-60-CR-0000373-2016

BEFORE:   PANELLA, P.J., MURRAY, J., and PELLEGRINI*, J.

JUDGMENT ORDER BY PANELLA, P.J.:                **FILED JULY 03, 2019**

Appellant, Richard Kevin Beitz, appeals from the judgment of sentence entered in the Union County Court of Common Pleas, pursuant to his conviction for terroristic threats. Appellant challenges the discretionary aspects of his sentence. We find Appellant has failed to preserve this issue for our review, and therefore we affirm.

The relevant facts and procedural history of this case are as follows. Appellant previously initiated a civil suit against a store owner. During a recess in that case, Appellant became agitated and verbally abusive toward the store owner and other testifying witnesses. Appellant graphically motioned toward himself to indicate the size of his genitalia, and directed the witnesses to "suck his cock." Affidavit of Probable Cause, filed 8/10/16, at 1. He called one of the witnesses a whore, and told her that he knew where she lived. Appellant then threatened to rape another witness.

_____

\* Retired Senior Judge assigned to the Superior Court.

Appellant was thereafter charged with terroristic threats, harassment, disorderly conduct, and retaliation. He entered a no-contest plea to terroristic threats. The negotiated plea called for a sentence with a minimum of no more than one year of imprisonment, and left the maximum term to the court's discretion. The agreement permitted Appellant to argue for a mitigated sentence. The court accepted Appellant's plea, and deferred sentencing pending receipt of a pre-sentence investigation report. Meanwhile, Appellant filed a motion to withdraw his plea, which the court denied.

At sentencing, Appellant read a lengthy statement in which he requested a county sentence with work release because he cared for many dependents, including his mother, his fiancée, and a friend. He stated he had sought counseling since the incident, and apologized to the victims of his diatribe. The sentencing court noted with displeasure the offense had taken place in a courtroom, and that Appellant had an extensive criminal history with some lengthy stints in state prison. The court also acknowledged the Sentencing Guidelines, which proffered a standard range sentence of twelve to eighteen months' incarceration. The court then imposed a sentence of one to four years' incarceration in state prison.

Appellant reviewed and signed a colloquy acknowledging his post-sentence rights. Appellant did not, however, file a post-sentence motion, or otherwise challenge his sentence at that time. Instead, he later filed a timely notice of appeal, and complied with the dictates of Pa.R.A.P. 1925(b). This appeal is now before us.

Appellant challenges the discretionary aspects of his sentence. Specifically, he believes he presented evidence to indicate he had taken steps toward reform prior to sentencing, and that the sentencing court failed to consider more lenient alternatives.

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (citation omitted). Before reaching the merits of a discretionary aspects issue, this Court conducts a four-part test to determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his or her issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the Sentencing Code.

*Commonwealth v. Williams*, 198 A.3d 1181, 1186 (Pa. Super. 2018) (citation omitted).

To preserve a discretionary aspects issue, an appellant must either raise it at sentencing or in a post-sentence motion. *See Griffin*, 65 A.3d at 935. "Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) (citation omitted).

Here, Appellant did not challenge the sentence the court imposed at his sentencing hearing. *See* N.T. Sentencing, 6/11/18, at 21-24. He also failed to file a post-sentence motion. Appellant does not acknowledge this omission in his brief, though it is fatal to his case. *See* Appellant's Brief, at 10-11 (arguing

that Appellant raises a substantial question for review). Because Appellant failed to preserve this issue, we are constrained to find his discretionary aspects of sentencing challenge waived. *See Cartrette*, 83 A.3d at 1042.

Appellant has not raised any additional issues for our review. Accordingly, we affirm his judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/3/2019