J-S73033-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KAREN MICHELLE DENMARK, | : | |
| | : | |
| Appellant | : | No. 804 MDA 2019 |

Appeal from the Judgment of Sentence Entered April 3, 2019
in the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0000244-2016

BEFORE: SHOGAN, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED: FEBRUARY 3, 2020**

Karen Michelle Denmark ("Denmark") appeals from the judgment of sentence entered following her conviction of retail theft as a third-degree felony.[1] We affirm.

On January 27, 2016, Washington Township Police Officer Jason Wolfgang ("Officer Wolfgang") observed Denmark and a friend removing items from the Washington Township Walmart, without paying for those items. Denmark subsequently was charged with retail theft. On February 25, 2019, a jury convicted Denmark of the above-described crime. Following the preparation of a pre-sentence investigation report ("PSI") and a sentencing hearing, the trial court sentenced Denmark to a prison term of 12 to 84 months. Denmark filed a post-sentence Motion, which the trial court denied.

---

[1] 18 Pa.C.S.A. § 2929(a)(1)(iv).

Thereafter, Denmark filed a Notice of Appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, Denmark challenges the discretionary aspects of her sentence.[2]  **See** Brief of Appellant at 8 (wherein Denmark sets forth her reasons relied upon for allowance of appeal).  When an appellant challenges the discretionary aspects of a sentence, we must engage in a four-part analysis to determine

> (1) whether the appeal is timely; (2) whether [the a]ppellant preserved his [] issue; (3) whether [the a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [pursuant to Pa.R.A.P. 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is [not] appropriate under the [S]entencing [C]ode.

**Commonwealth v. Williams**, 198 A.3d 1181, 1186 (Pa. Super. 2018) (citation omitted).

Our review of the record discloses that Denmark timely filed her Notice of Appeal, preserved her sentencing claim in a post-sentence Motion, and included in her brief a Statement of Reasons relied upon for allowance of appeal, as required by Rule 2119(f).  **See** Brief of Appellant at 8.  Therefore,

---

[2] Denmark's appellate brief is missing the page(s) on which she lists the statement of question involved.  As the omission appears to be inadvertent, and we are able to discern Denmark's issue from her Pa.R.A.P. 2119(f) Statement of Reasons relied upon for allowance of appeal, we will overlook the omission.  **See** Pa.R.A.P. 2116(a) (providing that "[n]o question will be considered unless it is stated in the statement of questions involved[,] or is failure suggested thereby.")

we next consider whether Denmark's claim raises a substantial question that her sentence is not appropriate under the Sentencing Code.

As this Court has explained,

[t]he determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either[] (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Manivannan*, 186 A.3d 472, 489 (Pa. Super. 2018) (internal citations and quotation marks omitted).

In her Statement of Reasons relied upon for allowance of appeal, Denmark claims that the imposition of a minimum sentence of 12 months in prison constitutes an excessive sentence. Brief of Appellant at 8. Denmark argues that the trial court improperly failed to consider her age and that she is suffering from cancer when imposing its sentence. *Id.* Denmark points out that the victim, Walmart, recovered all of the items purportedly stolen. *Id.* Denmark acknowledges that she has a prior record score of 5, but asserts that the score "was comprised primarily from misdemeanor convictions that were, in some cases, over 30 years old." *Id.* Denmark's assertions raise a substantial question. *See Commonwealth v. Caldwell*, 117 A.3d 763, 769-70 (Pa. Super. 2015) (*en banc*) (concluding that an excessive-sentence claim, in conjunction with an assertion that the court failed to consider mitigating factors, raises a substantial question); *Commonwealth v. Raven*, 97 A.3d

1244, 1253 (Pa. Super. 2014) (stating that "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question.") (citation omitted). Accordingly, we will address Denmark's substantive claim.

Denmark claims that the trial court imposed a manifestly unreasonable sentence in light of the attendant circumstances. Brief of Appellant at 12. In support, Denmark asserts that she was being treated for cancer at the time of sentencing, and that although her prior record score is 5, many of the offenses were decades-old misdemeanor offenses. *Id.* Denmark further points out that she was 50 years old at the time of sentencing. *Id.* In light of these circumstances, Denmark argues, the sentence imposed by the trial court is manifestly unreasonable. *Id.* at 12-13.

As this Court has explained,

[s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa. Super. 2014) (citation omitted).

Our review of the record discloses that at sentencing, the trial court had the benefit of a PSI. *See* N.T., 4/3/19, at 2 (wherein the trial court indicated that it "has reviewed the [PSI] dated March 26, 2019[,] and all [of] the

attachments thereto."). In its Opinion, the trial court explained its reasons for sentencing Denmark, in relevant part, as follows:

> There is no doubt [that] this court considered [Denmark's] prior criminal convictions, and we acknowledge that that had a significant impact on the sentence imposed. **See** [N.T., 4/3/19, at] 7-8. However, it is not just the fact of the prior convictions that weighed heavily in the court's consideration, it was the nature of those convictions. **See** [**id.** at] 9-10. Further, … [the sentencing court] was required to consider [Denmark's] criminal record. **See** [**Commonwealth v.**] **Moury**, [992 A.2d 162, 171 (Pa. Super. 2010) (stating that when imposing sentence, the trial court is required to consider the defendant's circumstances, and refer to, *inter alia*, the defendant's prior criminal record)].
>
> [Denmark's] claim that [the court] failed to consider her medical issues is belied by the record. In her allocution, [Denmark] advised the [trial court] that she had a significant medical issue [that] she was dealing with for the past five years. **See** [N.T., 4/3/19, at] 6. As [Denmark] acknowledges …, this information was contained within the PSI. The fact that [the court] did not specifically mention [Denmark's] medical condition does not, in any way, mean it was not appropriately weighed in imposing sentence. **See, e.g., Commonwealth v. Devers**, 546 A.2d 12 (Pa. 1988).
>
> This court presided over the trial, had the benefit of a PSI, considered the sentencing guidelines, and heard from all parties at the time of sentencing. After hearing and weighing all the factors relevant to sentencing, the court imposed a minimum sentence within the standard range….

Trial Court Opinion, 6/18/19, at 4-5.

Our review confirms that the trial court sentenced Denmark within the standard range of the sentencing guidelines, and there is nothing of record indicating that the trial court ignored or misapplied the law, or exercised its judgment for reasons of partiality, prejudice, bias or ill will. As the record

reflects no abuse of discretion by the trial court in sentencing Denmark, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/03/2020