J-S06029-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID MOUA, | : | |
| | : | |
| Appellant | : | No. 1270 EDA 2019 |

Appeal from the Judgment of Sentence Entered December 27, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0000565-2000

BEFORE:  LAZARUS, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:                    Filed: May 8, 2020

David Moua appeals from the judgment of sentence imposed on December 27, 2018. In 2002, Moua was convicted by a jury of first-degree murder, robbery, burglary, unlawful restraint, theft by unlawful taking, possessing an instrument of crime, and criminal conspiracy.[1] He was sentenced to mandatory life imprisonment without the possibility of parole. Because he was a juvenile at the time of the crime, that sentence was vacated pursuant to *Miller v. Alabama*, 567 U.S. 460 (2012), and *Commonwealth v. Batts*, 66 A.3d 286 (Pa. 2013). Following a resentencing hearing, the court resentenced Moua to 48 years to life for first-degree murder. Moua claims the sentence was an impermissible *de facto* life sentence, and argues the trial court abused its discretion in fashioning his new sentence. We affirm.

---

[1] 18 Pa.C.S.A. §§ 2502(a), 3701, 3502, 2902, 907, and 903, respectively.

On April 4, 2000, Moua, his brother, and their friend Loi Nghiem broke into the house of Moua's neighbors, the Polites, to commit a robbery. Finding Constantine Polites at home, Moua bound his wrists with zip ties and Nghiem stabbed him over 40 times and shot him three times point blank in the head. That evening, police investigating the murder brought Moua to the police station; Moua's father accompanied him because Moua was 16 years old at the time. Moua gave a statement admitting to taking part in the murder and robbery, and police charged him. Moua later claimed that he was not present during the murder and that his earlier statement was false.

After a jury trial, Moua was found guilty of first-degree murder, robbery, burglary, possession of an instrument of a crime, and unlawful restraint. He was sentenced to a mandatory term of life imprisonment without the possibility of parole for the first-degree murder. The court also imposed a consecutive sentence of five to 10 years of incarceration for robbery and burglary (concurrent to one another), and consecutive sentences of one to two years in prison for both possession of an instrument of a crime and unlawful restraint (concurrent to one another).

The court later vacated Moua's initial sentence for first-degree murder pursuant to *Miller* and *Batts*. It then held a resentencing hearing and imposed a sentence of 48 years to life imprisonment for first-degree murder. The consecutive sentences on the other counts remained the same, resulting in an aggregate sentence of 54 years to life. This timely appeal followed.

On appeal, Moua raises the following questions:

1. Whether the trial court imposed an (sic) constitutionally impermissible *de facto* life sentence when it imposed an aggregate sentence of 54 years to life on a juvenile offender convicted of first degree murder and related crimes and in the absence of a finding that [Moua] was permanently incorrigible, irreparably corrupt or irretrievably depraved[?]

2. Whether the trial court abused its discretion in imposing an aggregate sentence of 54 years to life on a juvenile offender who was convicted of murder for a crime committed when he was 16 years old and who has demonstrated remorse, rehabilitation and good conduct while incarcerated over a 19-year period[?]

Moua's Br. at 3.

In his first issue, Moua claims that his aggregate judgment of sentence of 54 years to life imprisonment was the practical equivalent of a life sentence and therefore was unconstitutional because the trial court did not find that he met the criteria for life without parole. He claims that he will be eligible for parole at age 71, after serving the minimum sentence, which age allegedly exceeds the life expectancy for prisoners. If he does live until he is released, Moua contends that he will be retirement-aged with no money and little employment potential. This, he alleges, does not constitute a meaningful opportunity for parole. **See** Moua's Br. at 8. We disagree.

Moua's issue presents a challenge to the legality of his sentence.

"[A] claim challenging a sentencing court's legal authority to impose a particular sentence presents a question of sentencing legality." **Batts**, 163 A.3d at 434-435 (citations omitted). "The determination as to whether a trial court imposed an illegal sentence is a question of law; an appellate court's standard of review in cases dealing with questions of law is plenary." **Commonwealth v. Crosley**, 180 A.3d 761, 771 (Pa.Super. 2018) (citation omitted), *appeal denied*, 195 A.3d 166 (Pa. 2018).

*Commonwealth v. Hernandez*, 217 A.3d 873, 878 (Pa.Super. 2019) (citation formatting provided).

> [T]he key factor in considering the upper limit of what constitutes a constitutional sentence, as opposed to a *de facto* sentence of life in prison without parole for a juvenile who was not deemed incapable of rehabilitation, is whether there is some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation. To be meaningful or, at least, potentially meaningful, it must at least be plausible that one could survive until the minimum release date with some consequential likelihood that a non-trivial amount of time at liberty awaits.

*Id.* at 878 (quotation marks and citations omitted).

This Court's recent decision in *Commonwealth v. Anderson* involved a similar claim put forth by a juvenile defendant who was resentenced to a 50-year minimum sentence, and would first be eligible for parole at age 67. *See Commonwealth v. Anderson*, 224 A.3d 40, 47 (Pa.Super. 2019). There, the Court found that Anderson failed to establish that he was unlikely to survive until his minimum release date, or that there would be no opportunity for liberty after release. Therefore, it held that it was "not willing to presume, without more, that a fifty-year minimum sentence . . . affords him no reasonable possibility of release or a meaningful life thereafter." *Id.* Therefore, the Court concluded that Anderson's sentence did not constitute a *de facto* life sentence.

In the instant matter, the trial court concluded that Moua has a reasonable possibility of living until his minimum sentence expires and explained its reasons for the new sentence as follows:

- 4 -

> In the case at bar, [Moua's] new sentence was considered in light of the nature of the crime and the evidence presented at the resentencing hearing. The [c]ourt considered the safety of the public as well as the rehabilitative nature of [Moua] and the impact of [Moua's] crimes on the victim's family in determining an appropriate sentence. The [c]ourt paid special attention to the fact that prior to the rulings in **Batts** and **Miller**, [Moua] never once expressed remorse or responsibility for his crimes. These factors, as well as the fact that [Moua] has the possibility to live to his proposed parole date, as stipulated in **Bebout**,[2] are sufficient to uphold his new sentence.

Trial Court Opinion, 6/17/19, at 3.

Moua has failed to demonstrate that he has no plausible chance of survival until he has served his minimum sentence of 48 years for his first-degree murder conviction. Although Moua asks us to consider his aggregate minimum sentence (54 years), we rejected that contention in **Commonwealth v. Foust**, 180 A.3d 416, 438 (Pa.Super. 2018). We stated, "[W]e must consider the individual sentences, not the aggregate, to determine if the trial court imposed a term-of-years sentence which constitutes a *de facto* [life without parole] sentence." **Id.** Pursuant to **Foust**, we consider only his 48-year sentence.

Considered accordingly, Moua will be 65 years old when his relevant minimum sentence expires. Moua has not shown any circumstances particular to him that would persuade us that he cannot reasonably be expected to survive until that age. We thus cannot conclude that his sentence "affords him no reasonable possibility of release or a meaningful life thereafter." **Anderson**, 224 A.3d at 47. Accordingly, we decline to find that Moua's

---

[2] **Commonwealth v. Bebout**, 186 A.3d 462 (Pa.Super. 2018).

sentence constituted a *de facto* life sentence, necessitating a finding that he is incapable of rehabilitation. Moua's first issue does not merit relief.

In his second issue, Moua challenges the discretionary aspects of his sentence. Hence, we must determine:

(1) whether the appeal is timely; (2) whether [the a]ppellant preserved his [] issue; (3) whether [the a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [pursuant to Pa.R.A.P. 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is [not] appropriate under the [S]entencing [C]ode.

***Commonwealth v. Williams***, 198 A.3d 1181, 1186 (Pa.Super. 2018) (citation omitted).

The Commonwealth argues that Moua has waived this issue because his brief does not include a Rule 2119(f) statement. We agree.

If an appellant fails to include a Rule 2119(f) statement and the Commonwealth objects, the appellant has waived his discretionary sentencing claims. ***See Commonwealth v. Griffin***, 149 A.3d 349, 353 (Pa.Super. 2016). Rule 2119(f) requires an appellant who challenges the discretionary aspects of a sentence in a criminal matter to "set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f).

Moua's brief does not contain a separate section setting forth a concise statement of the reasons relied upon for allowance of appeal. Nor does he include any discussion in his argument concerning whether his issue raises a substantial question that his sentence was not appropriate. The

Commonwealth objected to Moua's failure to comply with Rule 2119(f). Accordingly, we cannot ignore the violation. Therefore, we conclude that Moua has waived his challenge to the discretionary aspects of his sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:5/8/20