J-S36012-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN EDWIN LOWRY III | : | |
| | : | |
| Appellant | : | No. 205 WDA 2020 |

Appeal from the Judgment of Sentence Entered January 22, 2020
In the Court of Common Pleas of Fayette County Criminal Division at
No(s):  CP-26-CR-0001607-2019

BEFORE:   OLSON, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY OLSON, J.:                       FILED AUGUST 14, 2020

Appellant, John Edwin Lowry III, appeals from the judgment of sentence entered on January 22, 2020.  We affirm.

In November 2013, the 23-year-old Appellant digitally penetrated the vagina of a nine-year-old girl.  As a result, in 2019, the Commonwealth charged Appellant with aggravated indecent assault of a child, unlawful contact with a minor, indecent assault of a person less than 13 years of age, and corruption of minors.[1]

On January 6, 2020, Appellant agreed to plead guilty to the charges, in exchange for a recommended sentence of six to 12 years in prison.  Written

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3125(b), 6318(a)(1), 3126(a)(7), and 6301(a)(1)(i), respectively.

Guilty Plea Form, 1/6/20, at 1. After conducting a full colloquy, the trial court concluded that Appellant "comprehends these proceedings and he's making a knowing, intelligent[,] and a voluntary wavier of his rights." N.T. Guilty Plea Hearing, 1/6/20, at 4. The trial court thus accepted Appellant's guilty plea and scheduled the sentencing hearing for January 22, 2020. Id. at 5.

On January 17, 2020, Appellant filed a motion to withdraw his guilty plea. Within the written motion, Appellant generally claimed that he "no longer wishes to take the current plea offered by the Commonwealth[] and requests that his plea be withdrawn and the matter scheduled for a jury trial." Appellant's Motion to Withdraw Guilty Plea, 1/17/20, at 1; see also Appellant's Pro Se Motion to Withdraw Guilty Plea, dated 1/15/20, at 1.

The trial court scheduled a proceeding on Appellant's motion for the morning of January 22, 2020. During the proceeding, the trial court questioned Appellant on the reasons he wished to withdraw his plea. Appellant told the trial court that he wished to withdraw his plea because: "I feel that I would maybe do a little better in trial;" "I got kids out there and everything [and t]hat's a long period of time;" and, "I wasn't really in the right state of mind at the time . . . I had [a lot] of stuff on my plate. I had [a lot] to think about if I should take the plea or not or if I should take it to trial." N.T. Motion Proceeding, 1/22/20, at 4-6.

The trial court denied Appellant's motion to withdraw his guilty plea. Further, regarding Appellant's statement that he "wasn't really in the right state of mind at the time," the trial court specifically concluded that Appellant

was not credible.  Trial Court Opinion, 2/19/20, at 3.  The trial court then sentenced Appellant to serve the negotiated term of six to 12 years in prison. N.T. Sentencing, 1/22/20, at 7.

Appellant filed a timely notice of appeal.  He raises one claim to this Court:

> Whether the trial court committed an abuse of discretion in sentencing Appellant on January 22, 2020 in accordance with a plea agreement entered on January 6, 2020, when Appellant filed a motion to withdraw his guilty plea on January 17, 2020[?]

Appellant's Brief at 4 (some capitalization omitted).

We have explained:

> Pennsylvania Rule of Criminal Procedure 591(A) provides that, "At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, sua sponte, the withdrawal of a plea of guilty or nolo contendere and the substitution of a plea of not guilty." Pa.R.Crim.P. 591(A).
>
> Although there is no absolute right to withdraw a guilty plea, properly received by the trial court, it is clear that a request made before sentencing should be liberally allowed.  In determining whether to grant a presentence motion for withdrawal of a guilty plea, the test to be applied by the trial courts is fairness and justice.  Therefore, if the defendant provides a fair and just reason for wishing to withdraw his or her plea, the trial court should grant it unless it would substantially prejudice the Commonwealth.

Commonwealth v. Williams, 198 A.3d 1181, 1184 (Pa. Super. 2018) (corrections and some quotations and citations omitted).

"We review a trial court's ruling on a pre-sentence motion to withdraw a guilty plea for an abuse of discretion." Id. With respect to the abuse of discretion standard, our Supreme Court has held:

> When a court comes to a conclusion through the exercise of its discretion, there is a heavy burden to show that this discretion has been abused. It is not sufficient to persuade the appellate court that it might have reached a different conclusion, it is necessary to show an actual abuse of the discretionary power. An abuse of discretion will not be found based on a mere error of judgment, but rather exists where the court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. Absent an abuse of that discretion, we will not disturb the ruling of the trial court.

Commonwealth v. Eichinger, 915 A.2d 1122, 1140 (Pa. 2007) (citations omitted).

On appeal, Appellant claims that the trial court erred when it denied his pre-sentence motion to withdraw his guilty plea because, during the proceeding on his motion, he "clearly stated that he wasn't 'in the right state of mind' at the time of the plea."[2] Appellant's Brief at 8. This claim fails.

_____

[2] As noted, during the proceeding on Appellant's motion, Appellant claimed that the trial court should grant his motion to withdraw his guilty plea because: "I feel that I would maybe do a little better in trial;" "I got kids out there and everything [and t]hat's a long period of time;" and, "I wasn't really in the right state of mind at the time . . . I had [a lot] of stuff on my plate. I had [a lot] to think about if I should take the plea or not or if I should take it to trial." N.T. Motion Proceeding, 1/22/20, at 4-6. On appeal, Appellant claims only that the trial court erred when it denied his motion because he informed the trial court that he "wasn't really in the right state of mind at the time." See Appellant's Brief at 8. Thus, on appeal, Appellant abandoned any claim that

At the outset, Appellant's claim that he was not "in the right state of mind" at the time of the plea does not demonstrate a "fair and just reason" for withdrawing the plea because the assertion is simply too vague. Indeed, at no time has Appellant even attempted to explain the "state of mind" he was in at the time of the plea or why his particular state of mind would make it so that "permitting withdrawal of the plea would promote fairness and justice." See Commonwealth v. Carrasquillo, 115 A.3d 1284, 1292 (Pa. 2015). As such, Appellant's bald assertion does not constitute a fair and just reason to permit the withdrawal of his guilty plea. C.f. id. (holding that "a mere, bare, or non-colorable assertion of innocence is insufficient, in and of itself, to support withdrawal of a plea").

Moreover, Appellant's claim fails because the trial court specifically concluded that Appellant was not credible when he "stated that he wasn't 'in the right state of mind' at the time of the plea." Trial Court Opinion, 2/19/20, at 3. Credibility determinations fall within the exclusive province of the trial court. Commonwealth v. Dutrieville, 932 A.2d 240, 242 (Pa. Super. 2007) ("it is exclusively within the province of the trial court to determine the credibility of the witnesses") (quotations and citations omitted); Carrasquillo, 115 A.3d at 1292 (holding that, where a defendant files a

_____

the trial court erred when it denied his motion for the two other stated reasons Appellant proffered during the motion proceeding. See Commonwealth ex rel. Robinson by Robinson v. Robinson, 478 A.2d 800, 804 (Pa. 1984) ("[i]ssues not raised on appeal . . . [are] waived").

pre-sentence motion to withdraw his guilty plea based upon a claim of innocence, a trial court must make credibility determinations and assess the plausibility of the innocence claim). Further, the record thoroughly supports the trial court's credibility determinations. To be sure, Appellant completed a lengthy written guilty plea colloquy and the trial court conducted a thorough oral colloquy of Appellant, both of which inquired into Appellant's state of mind and both of which demonstrate that Appellant knowingly, voluntarily, and intelligently decided to plead guilty. See Written Guilty Plea Form, 1/6/20, at 1-4; N.T. Guilty Plea Hearing, 1/6/20, at 1-6. The trial court also heard Appellant testify during both the guilty plea hearing and the proceeding on Appellant's motion to withdraw his guilty plea and, after hearing Appellant testify, the trial court made the factual conclusion that Appellant was not credible when he stated that he was not "in the right state of mind" at the time of the plea. Trial Court Opinion, 2/19/20, at 3.

Given these facts, we conclude that the record fully supports the trial court's credibility determinations against Appellant. Therefore, the trial court's findings of fact and credibility determinations are binding on this Court. Commonwealth v. Myers, 772 A.2d 649, 652 (Pa. 1998) ("when appellate review involves the trial court's findings of fact and credibility determinations, those findings are binding on the reviewing court if they find support in the record"). Since, in the face of these credibility determinations, Appellant cannot demonstrate a fair and just reason to permit the withdrawal of his guilty plea, Appellant's claim on appeal must fail.

Judgment of sentence affirmed.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/14/2020</u>