J-A03002-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD JEROME SOOS | : | |
| | : | |
| Appellant | : | No. 1412 EDA 2025 |

Appeal from the Judgment of Sentence Entered January 3, 2025
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0001496-2024

BEFORE:   BOWES, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY BOWES, J.:                       **FILED JANUARY 6, 2026**

Richard Jerome Soos appeals from the aggregate sentence of twenty to forty years in prison following his multiple sexual assault-related convictions. We affirm.

The trial court summarized the relevant factual background of this matter thusly:

> Between January 17, 2017, and January 16, 2019, Appellant lived with E.S., his minor daughter, along with his other children and their mother in a home in Pottstown, Montgomery County.  During that timeframe, when E.S. was five years old and at home in the care of Appellant while her mother was at work, Appellant forced E.S. to perform oral sex on him.  When E.S. was six years old and at home in the care of Appellant, he again forced E.S. to perform oral sex on him.  In May of 2023, [after E.S. disclosed the incidents to her mother,] Officer Adrian Stead of the Pottstown Borough Police Department began an investigation into Appellant's alleged sexual abuse[.]

_____

[*] Retired Senior Judge assigned to the Superior Court.

In addition to forensic interviews of E.S. by others, Officer Stead interviewed Appellant, who admitted that he had had E.S. place her mouth on his penis. On January 19, 2024, Officer Stead filed a complaint and the Commonwealth charged Appellant with two counts of rape of a child, two counts of involuntary deviate sexual intercourse with a child [("IDSI")], one count of endangering the welfare of a child, three counts of indecent assault of a person less than [thirteen] years of age, and one count of corruption of minors. Following two pretrial conferences, th[e trial] court placed the case on standby at the call of the trial list on August 5, 2024. [The case was later listed for trial on August 26, 2024. During a pre-trial conference held on that date, the Commonwealth recited on the record a plea offer, which Appellant rejected. Instead, he opted to proceed immediately to a stipulated bench trial.]

. . . .

Following the . . . trial, the court found Appellant guilty of the two counts of rape, two counts of [IDSI], endangering the welfare of a child, two counts of indecent assault[,] and corruption of minors.

Trial Court Opinion, 7/17/25, at 1-3 (cleaned up, repetition of values in numeral form omitted).

The case advanced to a sentencing hearing in January 2025, during which defense counsel generally highlighted Appellant's low prior record score and the fact that he spared the victim from testifying by agreeing to a stipulated bench trial. *See* N.T. Sentencing, 1/3/25, at 11-14. Appellant exercised his right to allocution, requesting house arrest due to his health issues, which involved a stroke and several instances of cardiac arrest, as well as his desire to become a contributing member to society upon release. *Id*. at 20-23. After taking a forty-minute recess so that it could weigh all pertinent factors, the trial court sentenced Appellant to an aggregate twenty to forty

years in prison, imposing consecutive terms of ten to twenty years on the two counts of rape of a child. As to the remaining offenses, the court either ordered concurrent sentences or concluded that they merged. Appellant did not raise any objections following imposition of the sentences.

Appellant submitted a timely post-sentence motion. Critically, the motion merely recounted to the court that Appellant had suffered sexual abuse when he was younger, and consequently "respectfully request[ed] that that [*sic*] count 1 and count 2 (rape of child) run concurrent as opposed to consecutive to each other." Post-Sentence Motion, 1/8/25, § 5. Appellant did not contend that the trial court either neglected to consider mitigating factors or improperly weighed any impermissible factors. He did not raise an argument that the court, in fact, erred in any manner or that the sentence itself was unreasonable.

After the trial court failed to decide the post-sentence motion within 120 days and it was not denied by operation of law, Appellant submitted a *praecipe* for a decision. The court thereafter denied the motion. Appellant retained new counsel and this timely appeal followed. Both Appellant and the trial court complied with the strictures of Pa.R.A.P. 1925. Appellant presents a single issue for our review:

> Did the sentencing court abuse its discretion in imposing consecutive mandatory minimum sentences of ten to twenty years' imprisonment (for an aggregate term of twenty to forty years), where the sentence was manifestly unreasonable because the court (a) refused to give weight to mitigating factors, including Appellant's decision to proceed by stipulated trial and his serious

- 3 -

health problems raised in allocution, and (b) improperly considered the Commonwealth's prior plea offer in fashioning the sentence.

Appellant's brief at 4.

The following legal tenets guide our determination as to whether Appellant's claim is properly before us:

> [A]n appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Solomon*, 247 A.3d 1163, 1167 (Pa.Super. 2021) (*en banc*) (cleaned up). Additionally, "it is well-settled that a post-sentence motion only preserves challenges to the discretionary aspects of sentencing that are specifically included in the post-sentence motion." *Commonwealth v. Williams*, 198 A.3d 1181, 1186 (Pa.Super. 2018) (citation omitted).

Here, there is no dispute that Appellant timely appealed and purported to conserve a discretionary sentencing claim in his post-sentence motion. However, although not advocated for by either the Commonwealth or the trial court, the record presents a question as to whether Appellant preserved the precise claims that he now raises on appeal, namely whether the trial court failed to consider mitigating factors or weighed impermissible factors. Concerning waiver of such claims, we have stated:

> Issue preservation is foundational to proper appellate review. By requiring that an issue be considered waived if raised for the first time on appeal, our courts ensure that the trial court that initially hears a dispute has had an opportunity to consider the issue. This jurisprudential mandate is also grounded upon the principle that a trial court must be given the opportunity to correct its errors as early as possible. Related thereto, we have explained in detail the importance of this preservation requirement as it advances the orderly and efficient use of our judicial resources. Finally, concepts of fairness and expense to the parties are implicated as well.

*Commonwealth v. Miller*, 80 A.3d 806, 811 (Pa.Super. 2013) (cleaned up).

In his brief, Appellant simply cites the fact that he filed a timely post-sentence motion, appearing to presume that this sufficiently invokes our jurisdiction as to his claims of court error. *See* Appellant's brief at 10. Upon review, though, we find that Appellant's newly raised challenges were not preserved for appeal.

Specifically, in his post-sentence motion, Appellant did not safeguard his accusation that the court refused "to give any consideration [at sentencing] to Appellant's decision to proceed with a stipulated bench trial to avoid requiring the victim to testify." *Id*. at 14. In the same vein, the motion proffered no contention that the trial court "improperly punished [Appellant] for exercising his constitutional right to trial." *Id*. at 18. Finally, Appellant did not pose these challenges to the court at the time of sentencing. In short, Appellant never presented the trial court with any of these arguments, or even remotely similar ones, before the court lost jurisdiction to modify his sentence.

Rather, as discussed, Appellant's post-sentence motion only requested that the court reconsider running his sentences for rape of a child

concurrently, citing the abuse and neglect Appellant suffered when he was younger. It did not allege that the court committed any legal error in imposing his sentence, nor did it assert that the sentence was manifestly unreasonable.

Thus, it is plain that the trial court never had the opportunity to consider affording relief to Appellant on the bases he now advances before this Court. This runs afoul the precept that "the trial court that initially hears a dispute ha[ve] . . . an opportunity to consider the issue," as well as the "principle that a trial court must be given the opportunity to correct its errors as early as possible." *Miller*, 80 A.3d at 811. These notions are foundational to our preservation requirement, yet are frustrated here by the fact that Appellant's arguments in this Court wholly differ from those presented below. *See also Commonwealth v. Rivera*, 238 A.3d 482, 499 (Pa.Super. 2020) ("For any claim that was required to be preserved, this Court cannot review a legal theory in support of that claim unless that particular legal theory was presented to the trial court." (citation omitted)).

While we appreciate that Appellant seeks appellate review of a decades-long sentence, in light of clear waiver, we do not reach the merits of his claims. To the extent Appellant seeks another chance to challenge his sentence, he may have such an opportunity by filing a timely petition pursuant to the Post Conviction Relief Act. Further, in light of our disposition, no purpose would be served by maintaining the scheduled oral argument in this matter.

Hence, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.  Oral argument scheduled for January 27, 2026, is hereby cancelled.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/6/2026