J-S02021-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                    :            PENNSYLVANIA
                                    :
           v.                        :
                                    :
                                    :
ANTHONY PALMER                    :
                                    :
            Appellant              :    No. 1770 EDA 2024

Appeal from the Judgment of Sentence Entered May 17, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004462-2019

BEFORE: NICHOLS, J., MURRAY, J., and BENDER, P.J.E.

MEMORANDUM BY MURRAY, J.:                    **FILED MARCH 3, 2026**

Anthony Palmer (Appellant) appeals from the judgment of sentence entered following his nonjury conviction of persons not to possess a firearm and his jury conviction of carrying a firearm without a license.[1] Appellant purports to challenge the legality of his sentence, based upon the trial court's alleged consideration of an impermissible sentencing factor. Because we conclude Appellant, in fact, presents a challenge to the discretionary aspects of his sentence, and that his failure to properly invoke this Court's jurisdiction precludes us from reaching the merits of his sole issue, we dismiss the appeal.

Based on our disposition, we need not extensively discuss the factual history underlying this appeal. Briefly, on the evening of November 5, 2018,

_____

[1] 18 Pa.C.S.A. §§ 6105(a)(1), 6106(a)(1).

Appellant called his friend, Wayne Christian (Christian), for a ride. N.T., 6/28/23, at 89. Christian retrieved Appellant at the intersection of Wayne Avenue and Seymour Street, in the City of Philadelphia, Pennsylvania. *Id.* Christian drove Appellant to Appellant's residence on Roselyn Street in Philadelphia (the residence), which Appellant shared with his girlfriend, Khalila Little (Little). *Id.* at 91. When Appellant and Christian arrived at the residence, Appellant asked Christian to wait outside. *Id.*

While Christian was waiting outside, he heard arguing from within the residence and, after approximately five minutes, five or six gunshots. *Id.* at 94-95. Appellant ran to and entered Christian's vehicle, whereupon Appellant brandished a firearm,[2] told Christian he had shot Little in the head,[3] and demanded Christian drive from the scene. *Id.* at 96. At Appellant's direction, Christian drove Appellant to a shopping center. *Id.* at 99. Immediately after Appellant exited the vehicle, Christian "sped off," which caused Appellant to fire several shots at Christian's vehicle. *Id.* Christian called 911, and law enforcement subsequently apprehended Appellant.

_____

[2] At trial, Appellant and the Commonwealth stipulated that, on the date of the incident, Appellant was prohibited from possessing a firearm, and was not licensed to carry a concealed firearm. N.T., 6/28/23, at 145; N.T., 6/30/23, at 15.

[3] Little testified at trial that she did not know who had shot her. N.T., 6/27/23, at 57.

On June 25, 2019, the Commonwealth filed a criminal information charging Appellant with attempted first-degree murder, aggravated assault, carrying a firearm on public streets in Philadelphia, possessing instruments of crime, terroristic threats, simple assault, recklessly endangering another person,[4] and the above-described firearms charges.

On March 15, 2022, the matter proceeded to a bifurcated trial, at which the trial court was to render a verdict solely on Appellant's persons not to possess a firearm charge. The trial court granted Appellant's request for a mistrial made in response to Christian's testimony that Appellant had previously served a prison sentence. N.T., 3/15/22, at 62, 87. A second bifurcated trial was held on June 28-30, 2023. At the conclusion of testimony, the trial court convicted Appellant of persons not to possess a firearm, and the jury convicted Appellant of carrying a firearm without a license. The jury was unable to reach a verdict on the remaining charges. The trial court ordered the preparation of a presentence investigation report.

On May 17, 2024, the trial court sentenced Appellant to an aggregate 10 to 20 years in prison, followed by one year of probation. Appellant timely filed a counseled post-sentence motion, wherein he solely challenged the trial court's sentence as "excessive and not justified under the guidelines." Post-Sentence Motion, 5/28/24, ¶ 2. Before the trial court could rule on Appellant's

_____

[4] 18 Pa.C.S.A. §§ 901(a), 2502(a), 6108, 90(a), 2706(a)(1), 2701(a), 2705.

post-sentence motion, Appellant, although represented by counsel, filed a *pro se* notice of appeal.[5] On October 7, 2024, Appellant's post-sentence motion was denied by operation of law. ***See*** Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof."). On October 8, 2024, the trial court directed Appellant to file a Pa.R.A.P. 1925(b) concise statement. On October 29, 2024, Appellant timely filed a counseled concise statement.[6] The trial court filed a Rule 1925(a) opinion on February 11, 2025.[7]

Appellant presents one issue for our review: "Did the [trial] court impose an illegal sentence when it based its sentence in part on alleged criminal conduct for which [Appellant] was not convicted?" Appellant's Brief at 2.

---

[5] Appellant is presently represented by counsel and has been throughout the pendency of this case. "In this Commonwealth, hybrid representation is not permitted." ***Commonwealth v. Williams***, 151 A.3d 621, 623 (Pa. Super. 2016). However, "[b]ecause a notice of appeal protects a constitutional right," "this Court is required to docket a *pro se* notice of appeal despite Appellant being represented by counsel…." ***Id.*** at 624. The clerk of courts therefore correctly docketed Appellant's timely *pro se* notice of appeal.

[6] Appellant included within his concise statement a request for an extension of time to supplement his concise statement, which the trial court granted. However, Appellant failed to timely supplement his concise statement and, instead, filed an identical concise statement on January 9, 2025.

[7] By order entered March 24, 2025, we *sua sponte* dismissed Appellant's appeal for his failure to pay the requisite filing fee, or to provide proof of filing with the trial court of an application to proceed *in forma pauperis*. Order, 3/24/25. Upon Appellant's payment of the fee, he moved this Court to reinstate the appeal, which we granted.

Appellant argues the trial court erred by considering Appellant's use of a firearm in the instant case, *i.e.*, conduct of which the jury acquitted Appellant. ***Id.*** at 3-4 (citing N.T. (Sentencing Hearing), 5/17/24, at 31 (the trial court stating that the firearm in Appellant's possession, "wasn't merely possess[ed, i]t was actually used.")). According to Appellant, "[s]ince the [trial] court relied on an impermissible factor when imposing its sentence, the sentence is illegal and should be vacated." ***Id.*** at 6.

Appellant cites ***Commonwealth v. Woodson***, 332 A.3d 1261, 2168 EDA 2023 (Pa. Super. 2024) (unpublished memorandum),[8] in support of his argument that a trial court's consideration of an impermissible sentencing factor constitutes a challenge to the legality, rather than the discretionary aspects, of a sentence. ***See*** Appellant's Brief at 7. In ***Woodson***, decided shortly after our Supreme Court's decision in ***Commonwealth v. Berry***, 323 A.3d 641 (Pa. 2024),[9] a panel of this court *sua sponte* vacated, as illegal, the defendant's sentence. ***Woodson***, 332 A.3d 1261 (unpublished memorandum at 6). The ***Woodson*** Court concluded vacatur was warranted, as it was clear

---

[8] We may consider nonprecedential decisions of this Court filed after May 1, 2019, for their persuasive value. ***See*** Pa.R.A.P. 126(b).

[9] In ***Berry***, our Supreme Court held that "[w]here a sentencing court has considered prior arrests that did not result in convictions, the appropriate remedy [] is a remand for resentencing without such consideration." ***Berry***, 323 A.3d at 656.

from the record that the trial court "explicitly considered [the defendant's] arrest record." *Id.*

Notwithstanding the **Woodson** Court's determination, however, we have long recognized that claims that a trial court relied on impermissible sentencing factors implicate the discretionary aspects of sentencing, rather than the sentence's legality. *See Commonwealth v. Tobin*, 89 A.3d 663, 669 (Pa. Super. 2014) ("Improper consideration of a sentencing factor does not make a sentence illegal, as a court may still have both the authority and discretion to impose the sentence."). Indeed, explicitly rejecting the **Woodson** Court's conclusion, we recently reiterated this principle. *Commonwealth v. Davis*, 341 A.3d 808, 812 n.2 (Pa. Super. 2025). Accordingly, Appellant's present claim that the trial court impermissibly considered Appellant's "use" of a firearm implicates the discretionary aspects of his sentence.

We observe that there is no automatic right of appeal from the discretionary aspects of a sentence. *Commonwealth v. Mastromarino*, 2 A.3d 581, 585 (Pa. Super. 2010). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question

that the sentence appealed from is not appropriate under the Sentencing Code.

***Commonwealth v. Glawinski***, 310 A.3d 321, 325 (Pa. Super. 2024) (citation omitted).

Here, Appellant timely filed a notice of appeal and post-sentence motion. However, as noted above, Appellant's post-sentence motion did not challenge the trial court's reliance on an impermissible sentencing factor. ***See Commonwealth v. Williams***, 198 A.3d 1181, 1186 (Pa. Super. 2018) (observing that "a post-sentence motion only preserves challenges to the discretionary aspects of sentencing that are specifically included in the post-sentence motion."). Moreover, Appellant failed to include a Rule 2119(f) statement in his appellate brief, and the Commonwealth has objected to this defect. ***See*** Commonwealth Brief at 5-6. Because Appellant failed to invoke this Court's jurisdiction, we are unable to review the merits of Appellant's sole discretionary sentencing claim. ***See Davis***, 341 A.3d at 813 (concluding that "if an appellant fails to include a Rule 2119(f) statement in his appellate brief and the Commonwealth objects, the issue is waived").

As Appellant fails to invoke this Court's jurisdiction to challenge the discretionary aspects of his sentence, we dismiss the appeal.

Appeal dismissed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>3/3/2026</u>