J-A18043-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KYMANI AMARI SUMMERS | : | |
| | : | |
| Appellant | : | No. 83 WDA 2021 |

Appeal from the Judgment of Sentence Entered December 2, 2020
In the Court of Common Pleas of Mercer County Criminal Division at
No(s):  CP-43-CR-0000198-2020

BEFORE:  OLSON, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED: NOVEMBER 16, 2021**

Kymani Amari Summers ("Summers") appeals from the judgment of sentence imposed following his entry of a guilty plea to one count of firearms not to be carried without a license.[1]  We vacate the judgment of sentence, and remand with instructions.

On July 8, 2020, Summers entered a guilty plea to firearms not to be carried without a license.[2]  During the guilty plea hearing, Summers acknowledged that on January 14, 2020, he was carrying a pistol, tucked into his waistband, in Farrell, Mercer County, Pennsylvania.  N.T. (Guilty Plea),

_____

[1] 18 Pa.C.S.A. § 6106(a)(1).

[2] At the time Summers entered his guilty plea, he was represented by Gregory Metrick, Esquire ("Attorney Metrick"), of the Public Defender's Office.

7/8/20, at 5-6. Summers also conceded that he did not have a valid license to carry a firearm. *Id.* at 6. In exchange for his guilty plea, the Commonwealth *nolle prossed* the remaining charges,[3] agreed to stipulate that the firearm was unloaded, and recommended a sentence of 10 to 20 months in prison.[4]

Summers subsequently retained new defense counsel, who requested a continuance of the sentencing hearing, in order for Summers to undergo a mental health evaluation. The trial court continued sentencing, and ordered Summers to complete a mental health evaluation with the Mercer County Behavioral Health Commission.

On October 2, 2020, Summers filed a Motion to Withdraw Guilty Plea. Therein, Summers argued that he had completed a mental health evaluation, and that the Behavioral Health Commission had concluded that he had cognitive limitations. Motion to Withdraw Guilty Plea, 10/2/20, at 2. In his brief in support of his Motion to Withdraw Guilty Plea, Summers argued that he was arrested illegally, in violation of the Fourth Amendment and

---

[3] Summers was also charged with one count each of receiving stolen property, terroristic threats, and disorderly conduct.

[4] On September 28, 2020, several months after entering his guilty plea, Summers filed an Omnibus Pre-Trial Motion. The Commonwealth filed a Motion to Quash, as Summers had already entered a guilty plea. By an Order entered on September 29, 2020, the trial court quashed Summers's Omnibus Pre-Trial Motion.

*Commonwealth v. Hicks*, 208 A.3d 916 (Pa. 2019).[5]  Brief in Support of Motion to Withdraw, 10/20/20, at 6.  The trial court continued sentencing, and scheduled a hearing on the Motion to Withdraw Guilty Plea.

Following a hearing, the trial court denied Summers's Motion to Withdraw on November 3, 2020.  In its Findings of Fact and Conclusions of Law, attached to the Order denying the Motion to Withdraw Guilty Plea, the trial court stated that the Motion to Withdraw did not itself include allegations regarding a suppression motion.  Order, 11/3/20, at 2 (unnumbered).

On November 5, 2021, Summers filed an Amended Motion to Withdraw Guilty Plea.  Therein, Summers argued that he had a meritorious suppression issue based on *Hicks*; prior defense counsel was ineffective for failing to raise such claim; and Summers's guilty plea was not knowingly or intelligently

---

[5] In *Hicks*, police stopped Hicks's vehicle in a gas station parking lot based on information that he was in possession of a firearm.  *Hicks*, 208 A.3d at 922. An officer restrained Hicks's arms, removed his handgun from his holster, and searched his vehicle.  *Id.*  Police later determined that Hicks possessed a valid license to carry a concealed firearm, and he was not statutorily prohibited from possessing a firearm.  *Id.*  Relevantly, Hicks was not charged with firearms offenses.  *Id.*  The trial court denied suppression, reasoning that possession of a concealed weapon justifies an investigatory stop to determine whether the individual has a license.  *Id.* at 922-23.  Ultimately, in evaluating whether carrying a concealed firearm could justify an investigative detention, the Pennsylvania Supreme Court first emphasized that an individual may legally carry a concealed firearm in public if he is licensed to do so.  *Id.* at 926.  The Court also noted that it is impossible to ascertain an individual's licensing status from his appearance.  *Id.* at 937.  Following an extensive review of applicable Fourth Amendment jurisprudence, *see id.* at 930-36, the Court concluded that there is "no justification for the notion that a police officer may infer criminal activity merely from an individual's possession of a concealed firearm in public."  *Id.* at 936.

entered. Amended Motion to Withdraw, 11/5/20, at 5. According to Summers, "[Attorney Metrick] testified that he did not discuss any specific details with [Summers] about his guilty plea, pretrial motions, or potential sentence until after he had pled guilty." *Id.* at 4. Summers claimed that Attorney Metrick had not reviewed the *Hicks* decision, and did not believe Summers had a meritorious suppression issue. *Id.* The trial court denied the Amended Motion to Withdraw.

On December 2, 2020, the trial court sentenced Summers to a prison term of 10 months to 2 years, less one day, followed by 3 years of probation. Summers filed a timely post-sentence Motion, reasserting his wish to withdraw his guilty plea, and raising his claim based on *Hicks*.

The trial court denied Summers's post-sentence Motion. Summers simultaneously filed a timely Notice of Appeal and a Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

Summers now raises the following issue for our review: "Did the [trial] court err when it denied [Summers's] Motion to Withdraw his guilty plea prior to sentencing?" Brief for Appellant at 8 (numbering omitted).

Summers points out that he first attempted to withdraw his guilty plea two months prior to sentencing. *Id.* at 18. Summers argues that he offered a fair and just reason to withdraw his plea, *i.e.*, that he was arrested illegally, based on our Supreme Court's decision in *Hicks*. *Id.* at 18-20. Summers claims that the Commonwealth did not allege that it would be substantially

prejudiced by the withdrawal of his guilty plea. *Id.* at 21. Additionally, Summers asserts that he was not properly informed that pleading guilty would result in a waiver of pre-trial motions. *Id.* at 23-24; *see also id.* at 25 (arguing that "[Summers] was not specifically advised that he was waiving any defense or pretrial motions….").

"We review a trial court's ruling on a pre-sentence motion to withdraw a guilty plea for an abuse of discretion." *Commonwealth v. Islas*, 156 A.3d 1185, 1187 (Pa. Super. 2017).

"At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant … the withdrawal of a guilty plea …." Pa.R.Crim.P. 591(A).

> Although there is no absolute right to withdraw a guilty plea, properly received by the trial court, it is clear that a request made before sentencing **should be liberally allowed**. In determining whether to grant a presentence motion for withdrawal of a guilty plea, the test to be applied by the trial courts is fairness and justice. Therefore, if the defendant provides a fair and just reason for wishing to withdraw his or her plea, the trial court should grant it unless it would substantially prejudice the Commonwealth.

*Commonwealth v. Williams*, 198 A.3d 1181, 1184 (Pa. Super. 2018) (emphasis added; citations and quotation marks omitted); *see also Commonwealth v. Baez*, 169 A.3d 35, 39 (Pa. Super. 2017) (providing that courts should consider whether "permitting withdrawal of the plea would promote fairness and justice." (citation omitted)).

Here, following the Motion to Withdraw hearing, the trial court concluded that "[Summers] produced no evidence during the course of the [] hearing to

indicate that the change in the law … to **Hicks** would be relevant or likely to result in a different outcome." Order, 11/3/20, at 2 (unnumbered). The trial court also found that Summers knowingly, intelligently, and voluntarily entered his guilty plea. **Id.** at 5.

The standards governing the pre-sentence withdrawal of a guilty plea require only that the defendant provide a fair and just reason, **see Williams**, **supra**, not that the defendant establish the likelihood of a different outcome. **See Commonwealth v. Pardo**, 35 A.3d 1222, 1229 (Pa. Super. 2011) (stating that "our Supreme Court has made it clear that merely because a court accepts a defendant's plea in open court as voluntarily, knowingly and intelligently given, a defendant may still present a fair and just reason to have that plea later withdrawn prior to sentencing.").

During the hearing on the Motion to Withdraw, Attorney Metrick testified that he received and reviewed discovery shortly after Summers's arraignment. N.T., 10/30/20, at 6. Attorney Metrick testified that about one week prior to Call of the List, he met with Summers and his mother. **Id.** at 7-8; **see also id.** at 12 (wherein Attorney Metrick acknowledged that at the time he met with Summers, the deadline for filing pre-trial motions had already passed). Additionally, Attorney Metrick stated that he was unfamiliar with our Supreme

Court's decision in **Hicks**, and was unaware that the **Robinson** rule[6] had been overturned.  **Id.** at 8-9.

Under these circumstances, we conclude that the trial improperly denied Summers's Motion to Withdraw Guilty Plea.  Following the entry of his guilty plea, Summers retained new defense counsel, who reviewed the case and identified a potentially meritorious suppression issue based on **Hicks**. Attorney Metrick, by his own admission, was unaware of the **Hicks** decision at the time he spoke with Summers about whether to plead guilty.  N.T., 10/30/20, at 8-9.  Indeed, Attorney Metrick testified that he had advised Summers that "he had a low probability of success with a suppression motion." **Id.** at 11.  Accordingly, Summers presented a fair and just reason for the withdrawal of his guilty plea, based upon information obtained by new counsel. Further, the Commonwealth made no proffer that it would be prejudiced if

---

[6] In **Commonwealth v. Robinson**, 600 A.2d 957, 959 (Pa. Super. 1991), this Court held that "possession of a concealed firearm by an individual in public is sufficient to create a reasonable suspicion that the individual may be dangerous, such that an officer can approach the individual and briefly detain him in order to investigate whether the person is properly licensed."  The **Hicks** Court expressly rejected the **Robinson** rule.  **See Hicks**, 208 A.3d at 947.

Summers were permitted to withdraw his plea.[7]  ***See Williams***, ***supra*** (stating that "the trial court should grant it unless it would substantially prejudice the Commonwealth.").  Keeping in mind our "policy of liberality" concerning the pre-sentence withdrawal of guilty pleas, ***Commonwealth v. Norton***, 201 A.3d 112, 121 (Pa. 2019) (citation omitted), we conclude that the trial court abused its discretion in denying Summers's Motion to Withdraw his guilty plea.  ***See Pardo***, 35 A.3d at 1227 (stating that "[a]n abuse of discretion exists when a defendant shows any 'fair and just' reason for withdrawing his plea absent 'substantial prejudice' to the Commonwealth.").

Based upon the foregoing, we vacate the judgment of sentence and remand with instructions for the trial court to permit Summers to withdraw his guilty plea.

Judgment of sentence vacated.  Case remanded with instructions. Superior Court jurisdiction relinquished.

Judge Olson joins the memorandum.

Judge Nichols concurs in the result.

---

[7] In its Rule 1925(a) Opinion, the trial court stated that Summers's claim is appropriate for a challenge to the effectiveness of Attorney Metrick through a Post Conviction Relief Act petition.  1925(a) Opinion, 2/19/21, at 5-6.  We disagree.  Though Summers retained new counsel following his entry of his guilty plea, he did so *prior to* sentencing.  By granting the Motion to Withdraw, the trial court could have permitted Summers to develop the record and proceed with a suppression motion.

J-A18043-21

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  11/16/2021

- 9 -