J-S33014-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
FREDERICK WILLIAMS :
:
Appellant : No. 693 EDA 2021

Appeal from the PCRA Order Entered March 25, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0014176-2013

BEFORE: BOWES, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY BOWES, J.: Filed: December 23, 2021

Frederick Williams appeals from the order that dismissed without a hearing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

This Court offered the following summary of this case in resolving Appellant's direct appeal:

> On July 28, 2011, Appellant lured an employee of an antique store to a van by claiming it contained antiques. Appellant and his confederates forced the victim into the van and then gang raped her. On November 27, 2013, the Commonwealth charged Appellant via criminal information with 17 offenses. On August 26, 2016, in exchange for the Commonwealth agreeing to *nolle prosse* 14 of those charges, Appellant pled guilty to rape, kidnapping to facilitate a felony, and conspiracy to commit rape.

***Commonwealth v. Williams***, 198 A.3d 1181, 1183 (Pa.Super. 2018) (footnotes omitted).

Prior to sentencing, Appellant submitted a *pro se* request to withdraw his plea. Thereafter, Attorney John Walsh, Appellant's trial counsel, filed both a motion to withdraw the guilty plea and a motion to withdraw as counsel. The trial court held a hearing on the motions, and ultimately denied the motion to withdraw the plea and granted counsel's request to withdraw. Newly-appointed counsel filed a motion for reconsideration of the motion to withdraw the plea, which the trial court also denied. On March 24, 2017, the trial court found Appellant to be a sexually violent predator and sentenced him to an aggregate term of fourteen to twenty-eight years of imprisonment.

Appellant filed a timely direct appeal challenging, *inter alia*, the denial of his pre-sentence motion to withdraw his plea. This Court affirmed the denial, holding alternatively that (1) Appellant limited his ability to withdraw the plea by including as a term of the plea agreement an acknowledgment that the Commonwealth would be substantially prejudiced by the withdrawal; and (2) Appellant did not state a fair and just reason for seeking to withdraw his plea. As to the latter, this Court explained:

> The trial court held an evidentiary hearing on Appellant's motion to withdraw his guilty plea. During that evidentiary hearing, Appellant stated that his counsel coerced him into pleading guilty. Appellant's trial counsel, however, vehemently denied Appellant's accusation that he pressured Appellant into pleading guilty.[1] The trial court credited Appellant's counsel's

---

[1] We observe that Attorney Walsh did not offer his denials before the trial court had already rejected Appellant's version of events and denied the motion to withdraw the plea. *See* N.T. Motion, 11/28/16, at 23-25. Rather, Attorney

*(Footnote Continued Next Page)*

- 2 -

statements and did not credit Appellant's statements. This Court will only overturn a trial court's credibility determination if it is irrational. In this case, the trial court's credibility determination was rational. Hence, the trial court reasonably exercised its discretion by finding that trial counsel did not pressure Appellant into pleading guilty.

*Williams*, *supra* at 1185-86 (cleaned up). This Court did, however, hold that Appellant's designation as a sexually violent predator must be vacated as illegal, and remanded for the trial court to advise him of his new sexual offender registration requirements. *Id*. at 1187.

After the trial court complied with our instructions, Appellant filed a timely, counseled PCRA petition. Therein, Appellant alleged that Attorney Walsh rendered constitutionally deficient representation in (1) coercing Appellant to enter an involuntary plea, and (2) failing to raise an objection to the trial court's guilty plea colloquy, which Appellant alleged was deficient. The Commonwealth filed an answer and moved to dismiss the petition for lack of merit. The PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing, and entered an order on March 25, 2021, effectuating the dismissal. Appellant filed a timely notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents the following questions for our resolution:

_____

Walsh's statements were offered in connection with his request to withdraw as counsel, which he had intended to abandon if the motion to withdraw the plea had been successful. *Id*. at 25. The trial court granted Attorney Walsh's request, and appointed Appellant's present counsel to represent him at sentencing.

1.     Did the [PCRA] court err in dismissing Appellant's PCRA petition that alleged that trial counsel (Attorney John M. Walsh) was ineffective because trial counsel induced Appellant to enter an involuntary and invalid guilty plea on August 26, 2016, pursuant to 42 Pa.C.S. § 9543 (a)(2)(iii)?

2.     Did the [PCRA] court err in dismissing Appellant's PCRA petition that alleged that trial counsel (Attorney John M. Walsh) was ineffective because trial counsel failed to object to Judge Gwendolyn N. Bright's defective guilty plea colloquy on August 26, 2016, pursuant to 42 Pa.C.S. § 9543(a)(2)(ii)?

Appellant's brief at 8 (unnecessary capitalization omitted).

We begin with a review of the pertinent legal principles. "The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error." *Commonwealth v. Cruz*, 223 A.3d 274, 277 (Pa.Super. 2019) (cleaned up). "[A] PCRA court has discretion to dismiss a PCRA petition without a hearing if the court is satisfied that there are no genuine issues concerning any material fact; that the defendant is not entitled to post-conviction collateral relief; and that no legitimate purpose would be served by further proceedings." *Id*. (cleaned up). Additionally, "[i]t is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Stansbury*, 219 A.3d 157, 161 (Pa.Super. 2019) (cleaned up).

Our legislature has enacted multiple requirements for a petitioner to be eligible for PCRA relief. Pertinent to this appeal, those eligibility requirements include that the petitioner plead and prove that his conviction or sentence resulted from ineffective assistance of counsel or an unlawfully induced plea.

*See* 42 Pa.C.S. § 9543(a)(2)(ii), (iii). The petitioner must also establish "[t]hat the allegation of error has not been previously litigated or waived." 42 Pa.C.S. § 9543(a)(3). An issue is previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue[.]" 42 Pa.C.S. § 9544(a)(2).

It is well-settled that "[a] criminal defendant has the right to effective counsel during a plea process as well as during trial." ***Commonwealth v. Rathfon***, 899 A.2d 365, 369 (Pa.Super. 2006) (cleaned up). However, following the entry of a guilty plea, "a claim of ineffectiveness may provide relief only if the alleged ineffectiveness caused an involuntary or unknowing plea." ***Commonwealth v. Orlando***, 156 A.3d 1274, 1281 (Pa.Super. 2017). "The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." ***Rathfon***, ***supra*** at 369 (cleaned up).

> In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Appellant must demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. The petitioner bears the burden of proving all three prongs of the test.

***Orlando***, ***supra*** at 1280-81 (cleaned up).

Appellant first asserts that he is entitled to relief because Attorney Walsh coerced his guilty plea. Specifically, he maintains that Attorney Walsh scared him into accepting the plea by advising him that a guilty verdict after trial would result in imposition of a term of 100 years of incarceration. *See* Appellant's brief at 22. He asserts that, absent these statements from Attorney Walsh, which were "intended to pressure, scare and coerce [Appellant], who is innocent, into signing the guilty plea colloquy and pleading guilty," he would have gone to trial. *Id*. at 23.

The Commonwealth argues that Appellant's claim was previously litigated on direct appeal, and thus cannot serve as a basis for PCRA relief. *See* Commonwealth's brief at 8-10. We agree.

Our Supreme Court has ruled that claims of ineffectiveness of counsel are generally distinct issues from the underlying claims upon which they are based. *See Commonwealth v. Collins*, 888 A.2d 564, 574-75 (Pa. 2005) (holding, *inter alia*, that claims that trial counsel was ineffective in failing to forward certain arguments in support of a motion to sever and a hearsay objection were not previously litigated although the underlying severance and hearsay issues were litigated on direct appeal). However, where the discrete legal ground or ineffectiveness claim was litigated in a prior appeal, it may not be relitigated in the context of the PCRA. *Id*. at 573 n.11.

As detailed above, although not couched in terms of ineffective assistance of counsel, Appellant argued on direct appeal that his plea was

involuntary because Attorney Walsh coerced him into entering it with the threat of a 100-year sentence. This Court ruled that the claim did not warrant relief because the trial court's finding that Appellant's factual assertions were incredible were reasonable. Appellant does not now present a legal argument different from the already-rejected contentions that Attorney Walsh induced him to enter an involuntary plea. Accordingly, Appellant's first issue is not one for which he is eligible for PCRA relief because he cannot establish that it was not previously litigated as required by 42 Pa.C.S. § 9543(a)(3).

Moreover, if the ineffectiveness claim raised in the PCRA context is nonetheless considered a discrete claim, Appellant is unable to prove that it has arguable merit. The trial court held a hearing at which it entertained and rejected Appellant's testimony that Attorney Walsh coerced him into entering an involuntary plea. Hence, on the basis discussed on Appellant's direct appeal, there is no merit to his claim of coercion. *See **Collins**, **supra*** at 575 ("[F]or the reasons discussed on direct appeal, Appellant cannot establish that this claim has arguable merit, and this claim of ineffectiveness fails."). As such, Appellant is entitled to no relief on his first claim of error.

Appellant also argues that Attorney Walsh was ineffective in failing to object to a deficient plea colloquy. The following law governs our review of that claim. Pursuant to Pa.R.Crim.P. 590, in accepting a plea, a trial judge "shall conduct a separate inquiry of the defendant on the record to determine whether the defendant understands and voluntarily accepts the terms of the

plea agreement on which the guilty plea or plea of *nolo contendere* is based."

Pa.R.Crim.P. 590(B)(2). At a minimum, the trial judge should inquire into the

following:

> (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?
>
> (2) Is there a factual basis for the plea?
>
> (3) Does the defendant understand that he or she has the right to trial by jury?
>
> (4) Does the defendant understand that he or she is presumed innocent until found guilty?
>
> (5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?
>
> (6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Id*. at Comment. However, a deficient plea colloquy does not necessarily

render a plea involuntary. As we explained:

> An on-the-record colloquy is a useful procedural tool whenever the waiver of any significant right is at issue, constitutional or otherwise, *e.g.* waiver of a trial, waiver of the right to counsel, waiver of the right to call witnesses, waiver of the right to cross-examine witnesses, waiver of rules-based speedy trial time limits, etc. But the colloquy does not share the same status as the right itself.

*Commonwealth v. Isaac*, 205 A.3d 358, 366 (Pa.Super. 2019) (cleaned up,

emphasis omitted). Indeed, "A plea of guilty will not be deemed invalid if the

circumstances surrounding the entry of the plea disclose that the defendant

had a full understanding of the nature and consequences of his plea and that

he knowingly and voluntarily decided to enter the plea." *Commonwealth v. Reid*, 117 A.3d 777, 783 (Pa.Super. 2015) (cleaned up). The totality of the circumstances considered includes "a written plea colloquy that is read, completed and signed by the defendant and made part of the record." *Id*. at 782.

Appellant contends that his plea was deficient because the trial court never asked him: "Has anyone promised you anything to get you to plead guilty? Has anyone threatened or coerced or pressured you to plead guilty?" Appellant's brief at 32. Thus, he maintains, he was never "provided [an] opportunity to answer that he was pressured, coerced and scared by Attorney Walsh to get him to plead guilty." *Id*. at 33. Furthermore, Appellant contends, "Attorney Walsh never interjected during the colloquy to allow [Appellant an] opportunity to say that he was pleading guilty because he was scared that if he went to trial and was convicted by a jury, that [the trial judge] would sentence [him] to 100 years [of] incarceration." *Id*.

Appellant's claim merits no relief. The certified record reveals that, prior to attending the plea hearing, Appellant executed a written colloquy. Therein, Appellant acknowledged that "Nobody promised [him] anything or threatened [him] or forced [him] to plead guilty." Written Guilty Plea Colloquy, 8/26/16, at 1. He agreed that his "lawyer left the final decision to [Appellant] and [Appellant] decided [him]self to plead guilty." *Id*. at 3. *See also id*. at 1 ("I, myself, have decided to plead guilty.").

At the plea hearing, the trial court asked Appellant if he had reviewed the written colloquy. Appellant answered "Yes, I went over it with my lawyer." N.T. Guilty Plea, 8/26/16, at 5. Appellant stated on the record that he "signed off on this document today in court of [his] own free will." *Id*. Appellant expressly indicated that he was satisfied with Attorney Walsh, and repeatedly affirmed his understanding that he had an absolute right to go to trial if he so chose. *Id*. at 8.

Hence, the certified record belies Appellant's contentions that the trial court did not fully inquire into the knowing and voluntary nature of the plea, and that he had no opportunity to inform the trial court that his counsel coerced him into accepting it against his will. This is not an instance where a defendant learned after the fact that counsel provided erroneous legal advice, such that he was mistaken in expressing at the plea colloquy satisfaction with counsel's performance. Rather, Appellant's claim is premised upon the fact that he lied during the colloquy when he indicated that Attorney Walsh reviewed the written colloquy with him and supplied satisfactory assistance. It is well-settled that a petitioner may not seek relief on the grounds that he lied under oath. *See*, *e.g.*, *Commonwealth v. Pier*, 182 A.3d 476, 480 (Pa.Super. 2018) ("[A] defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies." (cleaned up)). Therefore, it is plain from the face of the record that

Appellant's second claim of ineffective assistance fails for want of arguable merit.

For the foregoing reasons, Appellant has not convinced us that the PCRA court erred in dismissing his PCRA petition without a hearing. Consequently, no relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/23/21