J-S43004-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NADIR SIMPKIN | : | |
| | : | |
| Appellant | : | No. 499 EDA 2022 |

Appeal from the Judgment of Sentence Entered September 29, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0004943-2019

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:                    **FILED FEBRUARY 10, 2023**

Appellant Nadir Simpkin appeals from the judgment of sentence entered by the Court of Common Pleas of Philadelphia County on September 29, 2021.[1]  Appellant contends that the trial court abused its discretion in denying his pre-sentence motion to withdraw his guilty plea and asks this Court to reverse and remand for trial.  After careful review, we affirm the judgment of sentence.

The Commonwealth charged Appellant in this case and a companion case with numerous crimes in connection with the sexual assault of two minors.[2]  The instant case involves A.L. ("Victim"), a thirteen-year-old girl,

_____

[1] This Court corrected the caption to reflect that the appeal lies properly from the judgment of sentence imposed on September 29, 2021.

[2] The docket number for the instant case is CP-51-CR-0004943-2019, while the companion case is CP-51-CR-0004944-2019.  The trial court initially consolidated these cases.

who was a family friend that was staying with Appellant's family. Victim alleged that Appellant, then twenty-five years old, sexually assaulted her on four occasions in June 2019, including a final assault on June 30, 2019.[3] She asserted that he "forcibly held [her] down" and "subjected her to anal, vaginal, and oral sex."[4] Victim reported the June 30th assault to Appellant's mother the morning after it occurred, and Appellant's mother called 911. A rape kit performed on Victim the same day matched Appellant's DNA to DNA on a rectal swab.

The companion case involves Appellant's half-sister, who alleged that Appellant sexually assaulted her on multiple occasions between 2011 and 2018, when she was between eight and fifteen years old. She did not report the abuse until the day of Victim's allegations, when she was sixteen. In contrast to Victim's case, the companion case did not include DNA evidence because of the delayed report.

The Commonwealth arrested Appellant on July 1, 2019. The trial court initially scheduled a jury trial for February 10, 2020. However, after various delays and continuances, the trial court accepted Appellant's guilty pleas in both cases on April 14, 2021. In this case, Appellant pled guilty to one count each of Rape by Forcible Compulsion and Unlawful Contact with a Minor -

---

[3] The Commonwealth charged Appellant with nineteen criminal counts related to his "sexual intercourse/contact" with Victim. Compl., 7/1/19; Criminal Information, 7/17/19.

[4] Tr. Ct. Op., 6/6/22, at 2.

- 2 -

Sexual Offenses, and the Commonwealth *nolle prossed* the remaining seventeen charges.[5]  During his plea hearing, the trial court emphasized that the hearing was Appellant's "last opportunity to say that [he] did not commit these crimes."[6]

On July 4, 2021, three days before his scheduled sentencing, defense counsel informed the trial court and the Commonwealth that Appellant was "not able to proceed with sentencing[.]"[7]  Subsequently, Appellant filed his Motion to Withdraw Guilty Plea in both cases, "newly asserting his innocence of the charges."[8]  In the motion, he claimed to have initially expressed doubts about his plea to counsel approximately ten days after entering it but did not make the "final decision to seek to withdraw his guilty plea" until days before sentencing.[9]  He did not provide any support for his claim of innocence, instead asserting only that the Commonwealth would suffer minimal prejudice as a result of the five month delay in the start of trial.

During the August 11, 2021 plea withdrawal hearing, defense counsel asserted that Appellant was "extremely insistent and adamant that he [was]

_____

[5] 18 Pa.C.S. §§ 3121(a)(1), 6318(a)(1), respectively.  Appellant also plead guilty to Unlawful Contact with a Minor in the companion case, which is not before this Court.

[6] N.T., 4/14/21, at 10.

[7] Tr. Ct. Op. at 3.

[8] Motion to Withdraw Guilty Plea, 7/12/21, ¶ 2.

[9] *Id.*

not guilty of these crimes and that it was a mistake" to enter the guilty plea.[10] Appellant, however, did not provide any additional testimony or evidence in support of his claim of innocence. Instead, he emphasized the absence of eyewitnesses other than the victims.

The trial court denied Appellant's motion to withdraw his guilty plea in the instant case finding Appellant's assertion of innocence "not plausible" in light of Victim's prompt complaint and the DNA evidence.[11] In contrast, the court granted Appellant's motion to withdraw his plea in the companion case, which involved neither a prompt complaint nor DNA evidence.

On September 29, 2021, the court sentenced Appellant to concurrent terms of four to eight years of incarceration on each charge. Appellant's convictions additionally require his life-time registration as a sex offender. Appellant filed a post-sentence motion to withdraw his plea, which was denied by operation of law on February 9, 2022.

Appellant timely filed his Notice of Appeal. Subsequently, Appellant and the trial court complied with Pa.R.A.P. 1925.[12] Appellant presents the following question on appeal:

---

[10] N.T., 8/11/21, at 6.

[11] *Id.* at 10.

[12] Prior to the submission of Appellant's Pa.R.A.P. 1925(b) Statement of Matters Complained of on Appeal, the trial court granted defense counsel's petition to withdraw and appointed new counsel.

Did the trial court err and abuse its discretion when it denied defendant's written and properly filed pre-sentence motion seeking leave to withdraw his guilty plea where defendant asserted his innocence prior to imposition of sentence, that claim of innocence is plausible and thus constitutes a fair and just reason to permit withdrawal of the plea, and the Commonwealth did not establish that it would suffer any prejudice as a result of the withdrawal of the plea?

Appellant's Br. at 4.

## A.

Before this Court, Appellant asserts that the trial court abused its discretion in denying his motion to withdraw his plea. The courts of this Commonwealth liberally allow withdrawal of guilty pleas when sought prior to the imposition of sentence pursuant to Pa.R.Crim.P. 591.[13] To evaluate pre-sentence plea withdrawal motions, the Supreme Court set forth the following guidelines:

(1) there is no absolute right to withdraw a guilty plea; (2) trial courts have discretion in determining whether a withdrawal request will be granted; (3) such discretion is to be administered liberally in favor of the accused; and (4) any demonstration by a defendant of a **fair-and-just reason** will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.

**Commonwealth v. Norton**, 201 A.3d 112,116 (Pa. 2019) (emphasis added; citation and quotation marks omitted).

---

[13] Pa.R.Crim.P. 591(a) provides, "At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, sua sponte, the withdrawal of a plea of guilty or nolo contendere and the substitution of a plea of not guilty."

Prior to 2015, prevailing law effectively viewed a defendant's "bare assertion of innocence as a fair-and-just reason" for withdrawal of a plea. **Commonwealth v. Carrasquillo**, 115 A.3d 1284, 1292 (Pa. 2015). In **Carrasquillo**, however, the Supreme Court rejected this rule and clarified that "the proper inquiry . . . is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." **Id.** In regard to claims of innocence, the Court explained that the claim "must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea." **Id.** The Court, however, reiterated that trial courts should continue to grant pre-sentence withdrawal of guilty pleas liberally but emphasized that trial courts had discretion in assessing the motions to withdraw. **Id.**

Accordingly, we review a trial court's denial of a motion to withdraw a plea for abuse of discretion. "An abuse of discretion will not be found based on a mere error of judgment, but rather exists where the [trial] court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." **Norton**, 201 A.3d at 120. (citation omitted). Appellate courts should remember that "trial courts are in the unique position to assess the credibility of claims of innocence and measure, under the circumstances, whether defendants have made sincere and colorable claims that permitting withdrawal of their pleas would promote fairness and justice." **Id.** at 121.

- 6 -

Our decision is this case is controlled by clear precedent. Pennsylvania appellate courts have repeatedly applied the **Carrasquillo** paradigm and affirmed a trial court's denial of plea withdrawal motions in cases such as the instant case where a defendant seeks to withdraw a plea based solely on an assertion of innocence despite the Commonwealth's strong evidence to the contrary. Indeed, in **Commonwealth v. Hvizda**, 116 A.3d 1103, the companion case of **Carrasquillo**, the Supreme Court concluded that the trial court did not abuse its discretion in denying the defendant's motion to withdraw his guilty plea, where the defendant's unsupported claim of innocence, asserted at sentencing, was implausible in light of the Commonwealth's evidentiary proffer. **Id.** at 1105; **see also Norton**, 201 A.3d at 122 (affirming denial of defendant's motion to withdraw plea based upon "bare assertion of innocence").

In a case involving a similar constellation of facts as the case at bar, this Court in **Commonwealth v. Williams**, 198 A.3d 1181 (Pa. Super. 2018), affirmed the trial court's denial of a plea withdrawal motion where the defendant asserted his innocence in contradiction to his statements made during his guilty plea colloquy and DNA evidence from a rape kit. Given this evidence, the trial court found the defendant's assertions of innocence "implausible," and this Court concluded that the court did not abuse its

discretion.[14] *Id.* at 1186; *cf. Commonwealth v. Islas*, 156 A.3d 1185, 1190 (Pa. Super. 2017) (reversing the trial court's denial of withdrawal and instead concluding that the defendant provided a plausible assertion of innocence by testifying to specific factual challenges in a case where the defendant sought to withdraw his plea two months prior to his scheduled sentencing after receiving the advice of new counsel).

**B.**

In the instant case, Appellant claims that the trial court abused its discretion in denying his presentence motion to withdraw his guilty plea based upon what he views to be a "colorable" assertion of innocence and the absence of any claim of prejudice by the Commonwealth. Appellant's Brief at 21-23. Defendant additionally attempts to rebut the Commonwealth's DNA evidence, asserting that the evidence could have resulted from "DNA transference," given that both he and Victim were living in the same home. *Id.* at 26-29.

In its 1925(a) opinion, the trial court rejected Appellant's claims. The court found that Appellant failed to "produce anything in his motion to withdraw or statement of errors that would illustrate that [his] new assertion of innocence is plausible." Tr. Ct. Op. at 7. In contrast, the court emphasized that, as in *Carrasquillo* and *Hvizda*, the Commonwealth had strong evidence in the form of the DNA evidence collected the morning after the alleged rape.

---

[14] The Court in *Williams* additionally held that the trial court properly denied plea withdrawal based upon the defendant's agreement that "withdrawal would substantially prejudice the Commonwealth." *Id.* at 1185.

It found that the "DNA evidence is completely inconsistent with Defendant's belated assertion that the DNA transfer could have occurred as a result of the victim and Defendant simply residing in the same home together." *Id.* at 8. The court opined that it did not abuse its discretion when it denied Appellant's motion to withdraw his guilty plea. Upon review, we agree.

Before this Court, Appellant alleges several flaws in the trial court's reasoning for denying his plea. First, he contends that the trial court erroneously concluded that Victim's allegation was prompt. Appellant's Br. at 24-26. He argues that Victim did not report the first three June 2019 assaults until July 1, 2019, the morning after the final assault. *Id.* at 24-25. This argument fails on its face, given that Appellant recognizes that Victim reported the June 30th rape the day after it occurred. Indeed, Victim's prompt reporting allowed for the collection of the DNA evidence.

Second, Appellant challenges the trial court's reliance on the forensic evidence which revealed Appellant's DNA on the rectal swab of Victim's rape kit. He argues that DNA could have resulted from "secondary DNA transfer." *Id.* at 26-29. He explains that it is "scientifically plausible that DNA from one individual can be detected on another through secondary transfer even when the two do not come into direct contact," citing several scientific studies. *Id.* at 26. However, even assuming these studies provide evidence of secondary DNA transfer, Appellant fails to explain how this theory would apply to the existence of his DNA in Victim's rectum based solely on their living in the same house. Moreover, it does not appear that Appellant provided the scientific

studies to the trial court. Accordingly, we conclude that the trial court did not abuse its discretion in discounting Appellant's secondary DNA transfer argument.

Finally, Appellant asserts a totality of the circumstances argument, claiming that "[t]he confluence of scientific study, [his] good character, an assertion of innocence, and the lack of a true prompt complaint leads inexorably to a conclusion that the lower court abused its discretion."[15] Appellant's Br. at 17. He contends that his plausible assertion of innocence constitutes the requisite fair and just reason for withdrawing his plea. We disagree and instead conclude that the trial court did not abuse its discretion.

In this case, the trial court carefully considered the facts of the consolidated cases before it, denying Appellant's petition to withdraw his plea in the instant case but granting it in the companion case. In distinguishing between the instant case and the companion case, the court relied upon the strength of the Commonwealth's evidence. While both cases involved Appellant's request to withdraw his plea months after pleading guilty and on the eve of sentencing, the instant case, unlike the companion case, included DNA evidence linking Appellant to the rape, which corroborated Victim's

---

[15] The Commonwealth observes that Appellant failed to raise his character before the trial court or present any evidence of his "good character" other than the absence of an arrest record. Commonwealth's Br. at 9. We agree that the trial court did not abuse its discretion in failing to consider an argument that Appellant did not raise or develop. ***Commonwealth v. Baez***, 169 A.3d 35, 41 (Pa. Super. 2017) (finding appellant waived an argument in support of plea withdraw by failing to present it to the trial court).

allegations, which she had reported promptly in contrast to the victim in the companion case. Moreover, unlike the defendant in *Islas*, Appellant failed to provide testimony or evidence to support his assertion of innocence.

Accordingly, we conclude that the trial court acted within its discretion in denying Appellant's motion to withdraw his guilty plea.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/10/2023