**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CLINT AI ADDLEMAN | : | |
| | : | |
| Appellant | : | No. 427 WDA 2024 |

Appeal from the Judgment of Sentence Entered March 11, 2024
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s): CP-17-CR-0000639-2023

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CLINT ADDLEMAN | : | |
| | : | |
| Appellant | : | No. 428 WDA 2024 |

Appeal from the Judgment of Sentence Entered March 11, 2024
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s): CP-17-CR-0000641-2023

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CLINT ADDLEMAN | : | |
| | : | |
| Appellant | : | No. 429 WDA 2024 |

Appeal from the Judgment of Sentence Entered March 11, 2024
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s): CP-17-CR-0000636-2023

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
        :          PENNSYLVANIA
        :
      v.         :
        :
        :
CLINT ADDLEMAN         :
        :
    Appellant    :   No. 430 WDA 2024

Appeal from the Judgment of Sentence Entered March 11, 2024
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s): CP-17-CR-0000648-2023

BEFORE:   MURRAY, J., KING, J., and LANE, J.

MEMORANDUM BY LANE, J.:          **FILED: May 28, 2025**

Clint Ai Addleman ("Addleman") appeals from the judgments of sentence imposed following his negotiated guilty pleas to possession with intent to deliver a controlled substance ("PWID"), conspiracy to commit PWID, burglary, and criminal trespass.[1]  We affirm.

The Commonwealth charged Addleman at four dockets for separate incidents.[2]  The trial court summarized the underlying allegations and procedural history, as follows. At Docket CP-17-CR--2023 ("Docket 639"), in March 2020, a Pennsylvania State Police ("PSP") confidential informant

---

[1] **See** 35 P.S. § 780-113(a)(30); 18 Pa.C.S.A. §§ 903(a), 3502(a)(4), 3503(a)(1)(ii).

[2] The Pennsylvania Attorney General's Office ("AG's Office") prosecuted these matters.

purchased 4.8 grams of methamphetamine from Addleman. The Commonwealth charged Addleman with PWID and related offenses.

At Docket CP-17-CR-636-2 023 ("Docket 636"), relevantly, the PSP seized a Chrysler vehicle and applied for a search warrant in January 2023.

> The vehicle was taken to the fenced impound lot at the [PSP's] Clearfield Barracks[. Addleman] entered the impound lot by cutting through the chain link fence, damaging and opening the trunk of the Chrysler and removed approximately 2 pounds of crystal methamphetamine, 5 or 6 ounces of cocaine and 10 grams of fentanyl.

Trial Court Opinion, 8/5/24, at 2. The Commonwealth charged Addleman with criminal trespass and related offenses.

At Docket CP-17-CR-648-2023 ("Docket 648"), we first note that in February 2023, Chad Schwartz ("Schwartz"), fled from a traffic stop. The police took his Ford truck to an impound lot owned by AJ Ross Towing and Recovery, and obtained and executed a search warrant. *See* Affidavit of Probable Cause for Criminal Complaint, Docket 648, 5/25/23, at 1.

> . . . Schwartz broke into the AJ Ross impound lot and removed a Reebok bag and . . . gym bag from [the] vehicle that was in the custody of the Clearfield Borough Police Department. [Addleman] was present for the break in and acted as the "lookout" for Schwartz.

*Id*. at 2. The criminal complaint further alleged that Addleman and Schwartz sought "contraband items located within the [Reebok bag, but] the contraband had already been seized by police." *Id*. at 2 (unnecessary capitalization omitted). The Commonwealth charged Addleman with burglary and related offenses.

Finally, at the lead case, Docket CP-17-CR-641-2023 ("Docket 641"),[3] in May 2023, the PSP conducted a traffic stop of another Ford truck. Addleman, the driver, consented to a search of the truck. Officers found "numerous yellow, blue and pink blocks allegedly containing large amounts of fentanyl, as well as cash, cell phones and paraphernalia." Trial Court Opinion, 8/5/24, at 1-2. The Commonwealth charged Addleman with PWID, conspiracy to commit PWID, and related offenses. Pertinent to Addleman's claims, the Commonwealth also filed charges against the passenger, Kaitlyn Evans.

Addleman, represented by counsel, waived his right to a preliminary hearing in all four cases. His attorney later withdrew from representation as his "appearance was entered only for purposes of the preliminary hearings." *Id*. at 3.

In September 2023, another attorney entered his appearance. "However, apparently the attorney client relationship was impossible to navigate." *Id*. Following a motion to withdraw and a hearing, the trial court permitted this attorney to withdraw on December 1, 2023. This matter was scheduled for trial on December 7, 2023. Addleman "desired to proceed *pro se*, notwithstanding the Court advising him that self-representation was not in his best interests." *Id*. Addleman refused to sign a written waiver of counsel, but the trial court conducted an oral waiver colloquy, and found he

_____

[3] *See* N.T., 3/11/24, at 13 (defense counsel identifying the PWID charge at Docket 641 as "the lead charge").

"was knowingly, voluntarily and intelligently waiving his right to counsel[. Addleman] was well aware at this time that his jury selection was December 7, 2023 and that he was proceeding *pro se* for the same." ***Id***. On December 4, 2023, the trial court appointed a standby attorney ("Standby Counsel").

On December 7, 2023, the date scheduled for trial, Addleman, proceeding *pro se*, agreed to enter a negotiated guilty plea at all four dockets. Standby Counsel was present. The parties agreed that Addleman would plead guilty to one count at each docket and the Commonwealth would withdraw all remaining charges. In addition, the Commonwealth recommended a minimum sentence of forty-two months, which was at the bottom of the standard range for the PWID charge at Docket 636,[4] and concurrent sentences for the remaining offenses. When asked by the trial court if he was willing to plead, Addleman responded, "I broke the laws, and I know have to do time." N.T., 12/7/23, at 4. Addleman completed both a written and oral plea colloquy. Pertinently, he stated he could read but "was not very good at" spelling. ***Id***. at 5. Nevertheless, Addleman confirmed that read the plea agreement, he understood Standby Counsel was not his attorney of record, but he had adequate time to talk with him, Standby Counsel "helped [him] go

---

[4] ***See*** N.T., 12/7/23, at 4. As noted above, however, at sentencing, defense counsel identified the conspiracy to commit PWID charge at Docket **641** as "the lead charge," and the trial court ultimately imposed a sentence for this charge, with all other sentences to run concurrently with it. N.T., 3/11/24, at 13, 15-17.

through" the written plea forms, and Addleman understood the charges, their maximum sentences, and his right to a jury trial. N.T., 12/7/23, at 6-9. Addleman agreed that he voluntarily accepted the terms of the plea agreement, and entered the following guilty pleas: (1) at Docket 641, conspiracy to commit PWID;[5] (2) at Docket 639, PWID; (3) at Docket 636, trespass; and (4) at Docket 648, burglary.

It appears that subsequently, Addleman "applied to the Public Defender's ('PD') office, [as] the PD filed a motion for appointment of conflict counsel. As a result, the sentencing date was continued." Trial Court Opinion, 8/5/24, at 5 (unnecessary capitalization and some punctuation omitted). The

_____

[5] We note the trial docket at Docket 641 indicates two charges of PWID, and an ultimate guilty plea to one count of PWID, without any reference to conspiracy. Criminal Docket, Docket 641, at 2-3. However, the Commonwealth's statements at the plea hearing and the trial court's imposition of sentence in open court indicate the conviction at Docket 641 was conspiracy to commit PWID. **See** N.T., 12/7/23, at 3-4; **see also** N.T., 3/11/24, at 15.

At this juncture, we further note that at the plea hearing, it appears the Commonwealth conflated the charges at Dockets 641 and 636. The Commonwealth stated that Addleman would plead guilty to criminal trespass at Docket "641," and conspiracy to commit PWID at Docket "636." **See** N.T., 12/7/23, at 3. However, the trespass charge appeared only at Docket 636 (involving Addleman's entry into the police impound lot); furthermore, Docket 636 did not include any charges of PWID or conspiracy. In any event, Addleman did not raise any challenge to it.

trial court then appointed current counsel, Robbie Taylor, Esquire ("Attorney Taylor"), who filed a pre-sentence motion to withdraw the guilty pleas.[6]

The trial court conducted a hearing on March 11, 2024. Addleman stated the following: he was confused and scared, and was not experienced in the law; he did not know what he was doing at the plea hearing; he had a learning disability and was "autistic or ADD or whatever you want to call it;" people were always "taking advantage of" him; and the AG's office knew he was innocent. N.T., 3/11/24, at 3-5. With respect to the specific factual allegations, Addleman also averred: (1) he "truly had nothing to do with" the burglary with Schwartz at the AJ Ross impound lot; (2) he has learned that "Shwartz and Janessa Palumbo[7] [("Palumbo")] have both been charged and convicted of [crimes] and told law enforcement [he] didn't have any part in the case;" and (3) Evans, his passenger when officers conducted a traffic stop and found drugs, "had a preliminary hearing . . . where she said that the drugs were hers and that [he] had nothing to do with them." *Id*. at 3-4. The trial court denied Addleman's request to withdraw his plea, finding the record showed: he knowingly, voluntarily, and intelligently waived his right to

---

[6] The cover of the March 11, 2024 transcript for the combined motion to withdraw and sentencing hearing, as well as statements made at that hearing, indicate that Attorney Taylor was standby counsel. However, the trial court has clarified that Attorney Taylor was appointed attorney of record. **See** Trial Court Opinion, 8/5/24, at 4-5 n. 2.

[7] There was no further explanation of Janessa Palumbo's role.

- 7 -

counsel; the trial court appointed Standby Counsel; and Addleman knowingly, voluntarily, and intelligently entered his guilty pleas. *See id*. at 11.

This matter proceeded immediately to sentencing, and the trial court imposed a sentence consistent with the plea agreement: (1) at Docket 641, forty-two months to ten years' imprisonment; and (2) concurrent sentences for each remaining charge, all to run concurrently.

Addleman did not file a post-sentence motion, but filed separate notices of appeal at each docket.[8] He then filed court-ordered Pa.R.A.P. 1925(b) statements of errors complained of on appeal.[9]

This Court *sua sponte* consolidated Addleman's appeals. He presents one issue for our review: "Did the trial court err and/or otherwise abuse its discretion in denying [Addleman's] presentence request to withdraw his guilty plea?" Addleman's Brief at 4.

---

[8] *See Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018) (stating that when "one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed").

[9] The trial court suggests Addleman's Rule 1925(b) statements were overly vague and thus he has waived his issue. *See* Trial Court Opinion, 8/5/24, at 5-6; *see also Commonwealth v. Arnold*, 284 A.3d 1262, 1279 (Pa. Super. 2022) (stating that a "Rule 1925(b) concise statement that is too vague can result in waiver of issues on appeal"). The Rule 1925(b) statements stated the issue as follows: "Did the court abuse commit [*sic*] reversible error in failing to allow [Addleman] to withdraw his guilty plea?" Concise Statement of Matters Complained of on Appeal, 5/3/24, Docket 641. In light of the procedural history of this particular matter, we decline to find waiver on this basis.

Addleman avers the trial court erred in denying his presentence request to withdraw his guilty plea. We consider the applicable standard of review:

> "We review a trial court's ruling on a [pre]sentence motion to withdraw a guilty plea for an abuse of discretion." Pennsylvania Rule of Criminal Procedure 591(A) provides that, "At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty." Pa.R.Crim.P. 591(A).
>
> "Although there is no absolute right to withdraw a guilty plea, properly received by the trial court, it is clear that a request made before sentencing should be liberally allowed." "In determining whether to grant a presentence motion for withdrawal of a guilty plea, the test to be applied by the trial courts is fairness and justice." Therefore, if the defendant provides a fair and just reason for wishing to withdraw his or her plea, the trial court should grant it unless it would substantially prejudice the Commonwealth.

***Commonwealth v. Williams***, 198 A.3d 1181, 1184 (Pa. Super. 2018) (citations omitted). "[A] a bare assertion of innocence is not, in and of itself, a sufficient reason to require a court to grant [a presentence motion to withdraw a guilty plea]." ***Id***. at 1186 (citationomitted).

Additionally, we note: "[A] person who elects to plead guilty is bound by the statement he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." ***Commonwealth v. Kpou***, 153 A.3d 1020, 1024 (Pa. Super. 2016) (citation omitted).

On appeal, Addleman reiterates his arguments at the hearing on his motion to withdraw his plea. Addleman maintains that at the plea hearing, he

advised the trial court "that he was not very good at reading," but acknowledges that he also stated he understood the questions with Standby Counsel's assistance. Addleman's Brief at 12-13. Addleman then reiterates his arguments at the hearing on his motion to withdraw his plea, that: he was innocent of the charges; he was confused, scared, and under duress; he "was without counsel and only had [S]tandby [C]ounsel;" he faced "numerous criminal charges and numerous case dockets;" he thought he "had to take the plea," where "it was [ninety-three] years, the one guy said, or [forty-two] months;" and "[t]his entire process [was] overwhelming for an incarcerated defendant unfamiliar with the law and trial procedures." Addleman further cites his prior arguments, that Schwartz and Evans had told authorities that he was not involved in the crimes. Addleman thus concludes he did enter his pleas knowingly and voluntarily.

In denying relief, the trial court found Addleman's arguments not credible. *See* Trial Court Opinion, 8/5/24, at 11. The court also cited Addleman's responses in both his written and oral plea colloquys, given under oath. Additionally, the trial court rejected Addleman's claim that Evans admitted "that the drugs were hers" at her preliminary hearing. *Id*. at 12. The court observed that Evans waived her right to a preliminary hearing, and filed a copy of this waiver in the instant record.

After review of the record, we determine the trial court did not abuse its discretion. *See Williams*, 198 A.3d at 1184. Foremost, we do not disturb the

trial court's finding that Addleman was bound by his statements, made under oath, at the plea hearing, and he may not seek to withdraw his plea on a basis that contradicted those statements. *See Kpou*, 153 A.3d at 1024. We reiterate that in both his written and oral plea colloquys, Addleman acknowledged that he understood he had a right to a trial by jury, he understood the maximum sentences for each offense, and he accepted the plea agreement voluntarily. Additionally, Addleman stated that he understood Standby Counsel was not his attorney of record, nevertheless he had adequate time to talk with him, and Standby Counsel answered all of his questions and helped him go through the written colloquy. *See* N.T., 12/7/23, at 6-7, 9. Addleman also stated he understood the factual basis for the charges, and when asked by the trial if he was willing to plead guilty, Addleman replied, "Yes. . . . I broke the laws, and I know I have to do time." *Id*. at 4, 7. We determine the trial court did not abuse its discretion in finding not credible Addleman's subsequent, contrary claims — that he was confused and believed he had no choice but to plead.

With respect to Evans, the passenger in his truck, Addleman does not address, let alone dispute, the trial court's reasoning that she waived her preliminary hearing and thus could not have made any statements at such a hearing. Additionally, Addleman offered no evidence, at the motion to withdraw hearing, to support his bald claim that Schwartz and Palumbo have told authorities that Addleman was not involved in the crimes. Indeed, he

offered no explanation, at the hearing on appeal, as to Palumbo's alleged role in the underlying crimes. **See** Pa.R.A.P. 2119(a) (requiring argument to include "such discussion and citation of authorities as are deemed pertinent"). For the foregoing reasons, we deny relief on Addleman's sole issue on appeal.

As we determine no relief is due, we affirm Addleman's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 5/28/2025